[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10365
Non-Argument Calendar

_____

D. C. Docket No. 04-00120-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN L. CHAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 25, 2005)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Shawn L. Chavis pled guilty pursuant to a plea agreement to the crime of

possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court accepted his plea, adjudged him guilty of the offense, and imposed sentence. Chavis now appeals his conviction. He contends that the district court, in entertaining his guilty plea, failed to give him the warnings required by Fed. R. Crim. P. 11(c)(3), (4) & (5); thus, his plea was not knowing and voluntary. He contends alternatively that his attorney, in advising him to sign the plea agreement, was ineffective.[1]

In response, the Government asks that we dismiss Chavis's appeal because, as part of the plea agreement, he waived his right to appeal. The plea agreement does contain a waiver, but the waiver relates only to Chavis's right to appeal any sentence the court imposed. Nothing in the agreement indicates that Chavis waived his right to appeal his conviction. Consequently, this appeal, which goes to the heart of the plea of guilty, is not waived. See United States v. Bushert, 997 F.2d 1343, 1347 (11th Cir. 1993).

Where a defendant, in tendering a plea of guilty, does not object to the court's Rule 11 colloquy with him, he may obtain the vacation of his plea on appeal only if he shows plain error. United States v. Vonn, 535 U.S. 55, 59, 122

_____

[1] We do not address Chavis's ineffective assistance claim. If Chavis has good reason to believe that his attorney's performance was constitutionally deficient, he may pursue his claim in a proceeding brought under 28 U.S.C. § 2255, where the facts underlying the claim may be fully established.

2

S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002). Accordingly, he must establish (1) that an error occurred, (2) that is plain, and (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). If he does this, we may exercise our discretion and correct the error (by granting relief) if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. at 732, 113 S.Ct. 15 1776 (internal quotations and citation omitted).

Before the district court accepts a guilty plea, it must address the defendant in open court and ensure that the three core concerns of Rule 11 have been met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." Lejarde-Rada, 319 F.3d 1289 (internal quotations and citation omitted). According to Rule 11, if, in a plea agreement, the government promises not to prosecute additional charges, the court has the option of accepting the agreement, rejecting it, or deferring a decision until after it has read the presentence investigation report. Fed. R. Crim. P. 11(c)(1)(A), (3)(A). If the court accepts the plea agreement, it must inform the defendant that the government's promises will be included in the court's final judgment. Fed. R. Crim. P. (c)(4). If the court rejects the plea agreement, it must do so in the manner

3

dictated by Fed. R. Crim. P. 11(c)(5) by informing the parties that it rejects the agreement, advising the defendant that the court is not required to follow the agreement, giving the defendant an opportunity to withdraw his plea, and advising the defendant that, if the plea is not withdrawn, the court's disposition may not be as favorable as that of the plea agreement. Fed. R. Crim. P. 11(c)(5). Additionally, the government may promise to "recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate. . ." Fed. R. Crim. P. 11(c)(1)(B). If the government so promises, the court must advise the defendant that he does not have a right to withdraw the plea if the court does not follow the recommendation in the agreement. Fed. R. Crim. P. 11(c)(3)(B).

In this case, the district court, during the plea colloquy, omitted some of the statements required by Rule 11(c)(3), (4), and (5) because those statements were either not applicable to Chavis's plea agreement, or already were included in the plea agreement. We do not fault the court for having done so; hence, we find no basis for vacating Chavis's guilty plea and his conviction.

**AFFIRMED.**

4