[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12163
Non-Argument Calendar

_____

D. C. Docket No. 96-00076-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODERICK NANCE,
a.k.a. Ra Ra,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 29, 2006)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Roderick Nance appeals his sentence following revocation of supervised

release, raising two issues.  First, Nance argues that his term of supervised release

to follow his current incarceration is illegal. Second, Nance contends that the district court did not consider the required factors in imposing the revocation sentence.

Sentencing issues, such as this one, raised for the first time on appeal are reviewed only for plain error. United States v. Chisholm, 73 F.3d 304, 307 (11th Cir. 1996). This requires that the error be plain and that it affect substantial rights and seriously implicate the fairness, integrity, or public reputation of judicial proceedings. United States v. Hansen, 262 F.3d 1217, 1248 (11th Cir. 2001). Where the explicit language of a statute does not specifically resolve an issue, there can be no plain error absent precedent from the Supreme Court or us directly resolving it. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). Because the maximum term of supervised release applicable to Nance's statute of conviction is life, his 33-month term of supervised release following his current term of incarceration does not exceed the statutory maximum.

Nance also argues that the district court improperly imposed the revocation sentence without considering the required factors as set forth in the Sentencing Guidelines and 18 U.S.C. § 3553(a). In imposing a revocation sentence, a district court is instructed to consider several factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the

2

sentence to (a) afford adequate deterrence to criminal conduct; (b) protect the public from further crimes of the defendant; and (c) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences and the sentencing range established for the offense; (4) the policy statements of the Sentencing Guidelines; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution for any victims. 18 U.S.C. §§ 3583(e); 3553(a)(1), (a)(2)(B), (C) and (D), (a)(4), (a)(5), (a)(6), and (a)(7). The Sentencing Guidelines here recommended a revocation sentence of 4 to 10 months' incarceration. U.S.S.G. § 7B1.4(a).

The record shows that the district court was aware of the applicable guideline range. The court here took into consideration the range of sentences available, Nance's history, his lack of success in ending his drug habit while on release, and his need for more restrictive rehabilitation. In short, the district court did not commit error, plain, invited, or otherwise, in imposing Nance's revocation sentence.

**AFFIRMED.**