[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15261
Argument Calendar

_____

D. C. Docket No. 05-00149-CR-01-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK VERNARD HAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 13, 2006)**

Before ANDERSON, BARKETT and BOWMAN[*], Circuit Judges.

_____

[*] Honorable Pasco M. Bowman, II, United States Circuit Judge for the
Eighth Circuit, sitting by designation.

PER CURIAM:

Derrick Vernand Hand appeals a condition of his sentence of five years' probation after pleading guilty to a single count of theft of and interference with United States mail. As a condition of his probation, Hand was ordered to submit to DNA testing pursuant to the DNA Analysis Backlog Elimination Act of 2000, Pub. L. No. 106-546, 114 Stat. 2726("the 2000 DNA Act"), which required a narrow group of federal offenders to submit DNA samples for analysis and storage in the Bureau of Prisons' Combined DNA Index System ("CODIS"). Id. § 3, 114 Stat. at 2728-30 (codified at 42 U.S.C. § 14135a). In 2004, Congress extended the DNA collection program to offenders who commit "any felony" when it passed the Justice for All Act of 2004, Pub. L. 108-405, § 203(b), 118 Stat. 2260, 2270 ("the 2004 DNA Act"). Hand argues that the court erred in applying the 2004 DNA Act retroactively to his crimes, which were committed in 2003, although Hand was not convicted until 2005. Hand also argues that the 2004 DNA Act violates his Fourth Amendment right to be free from unreasonable searches and seizures.

We find that Hand's claims that he now raises before us were not preserved before the district court by his counsel's mere statement that DNA testing may not be "appropriate in this circumstance." When a defendant fails to raise a criminal claim in the district court, we review for plain error. See United States v. Olano,

2

507 U.S. 725, 731-32 (1993). We may correct an error under the plain error standard where (1) an error occurred, (2) the error was plain, (3) the error affects substantial rights, and (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id., 507 U.S. at 732-36. In order to qualify as "plain" error, the error must be "obvious" or "clear under current law." United States v. Candelario, 240 F.3d 1300, 1309 (11th Cir. 2001). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Even assuming Hand is correct in arguing that the 2004 DNA Act has been applied retroactively in his case, his claim fails under the second prong of the plain error standard. Hand has not pointed to any case law from our Circuit or the Supreme Court stating that (1) Congress has expressly prescribed the proper reach of the 2000 DNA Act or 2004 DNA Act, or (2) the application of the 2004 DNA Act or the 2000 DNA Act to an individual who committed an offense prior to the enactment of the statute would have an impermissible retroactive effect. Therefore, there was no plain error. See Lejarde-Rada, 319 F.3d at 1291.

The same is true of Hand's challenge under the Ex Post Facto Clause.

3

Neither we nor the Supreme Court have stated that the 2000 DNA Act or the 2004 DNA Act operates retroactively. Therefore, Rodriguez has failed to establish that the district court's requiring him to provide a DNA sample was plain error.

Hand's final argument—that the 2000 DNA Act, as amended, violates his Fourth Amendment right to be free from unreasonable searches—is, as Hand concedes, foreclosed by this Circuit's decision in Padgett v. Donald, 401 F.3d 1273 (11th Cir.), cert. denied, 126 S. Ct. 352 (2005), which held that the Georgia DNA statute requiring incarcerated felons to submit saliva samples for DNA profiling does not violate the Fourth Amendment. Because we see no meaningful distinction between the Georgia statute and the federal DNA Act, we must follow Padgett and deny Hand's Fourth Amendment claim.

AFFIRMED.