[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2009
THOMAS K. KAHN
CLERK

No. 09-10041
Non-Argument Calendar
_____

D. C. Docket No. 07-00007-CR-5-RS/LB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTHUR WILLIAMS, JR.,
a.k.a. Graveyard,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 4, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Arthur Williams, Jr. appeals his conviction and the life sentence imposed

following his decision to plead guilty to one count of conspiracy to distribute and

possess with intent to distribute cocaine and more than 50 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), (b)(1)(C), and 846. On appeal, Williams concedes that his plea agreement expressly stated that he was facing a mandatory minimum life sentence unless the government filed, at its discretion, a substantial assistance motion, but nonetheless argues that the district court erred by not specifically informing him during the plea colloquy that he would not have a right to appeal the government's refusal to file such a motion. After thorough review, we affirm.

When a defendant raises a Rule 11 violation for the first time on appeal, we review only for plain error. United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005).

> To establish plain error, a defendant must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, we may exercise our discretion to recognize a forfeited error, but only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Under plain error review, "the defendant bears the burden of persuasion with respect to prejudice or the effect on substantial rights."

Id. at 1019 (citations omitted).

"It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error

2

where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

With respect to plea colloquies, the considerations are as follows:

> A court accepting a guilty plea must comply with Rule 11 and specifically address three "core principles," ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea. To ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea[.]

Moriarty, 429 F.3d at 1019 (citation omitted).

At the plea hearing, "[t]he trial judge is obligated under the rule to personally disclose only those consequences of a guilty plea specifically set forth in the rule." Downs-Morgan v. United States, 765 F.2d 1534, 1537 (11th Cir. 1985). Additionally, we have consistently considered a written plea agreement to be part of the record of a Rule 11 plea hearing. United States v. Camacho, 233 F.3d 1308, 1319 (11th Cir. 2000). Finally, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Evans, 478 F.3d 1332, 1338

3

(11th Cir.) (citing United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)), cert. denied, 128 S. Ct. 257 (2007).

On the record here, the district court did not err in failing to inform Williams that he would not have the right to appeal the government's refusal to file a substantial assistance motion, since this is not among the enumerated consequences of a guilty plea, required to be addressed under Rule 11. See Downs-Morgan, 765 F.2d at 1537. Moreover, even if the district court erred in failing to inform Williams of this particular consequence of his plea, Williams still has not demonstrated plain error. Indeed, Rule 11 does not expressly require a trial court to inform a defendant that as a consequence of pleading guilty, he is giving up his right to appeal the government's discretionary decision not to file a substantial assistance motion. See Lejarde-Rada, 319 F.3d at 1291 (no plain error where no rule explicitly resolves issue). Further, because no decision of this Court or the Supreme Court mandates trial courts to so inform pleading defendants, there can be no plain error. Id.

**AFFIRMED.**