[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2010
JOHN LEY
CLERK

No. 09-15747
Non-Argument Calendar

_____

D. C. Docket No. 07-20287-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 4, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Sanchez appeals from the sentence imposed following his

conviction for conspiracy to defraud the United States, conspiracy to commit

health care fraud, and soliciting and receiving kickbacks involving a federal health care program. After a review of the record, we affirm.

Sanchez pleaded guilty to a five-count indictment charging him with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, and soliciting and receiving kickbacks involving a federal health care program, in violation of 42 U.S.C. § 1320a-7b. The probation officer determined the guideline range to be 70 to 87 months' imprisonment.

Prior to sentencing, Sanchez filed a memorandum requesting a downward departure and variance from the guideline range due to his total blindness, diabetes, and kidney disease. He asserted that his medical conditions were sufficient punishment and the prison system would be overburdened by and unable to meet his medical needs. At sentencing, the court considered the arguments and the 18 U.S.C. § 3553(a) sentencing factors, recognized its authority to depart from the guideline range, and denied both the downward departure and the variance. As the court explained, a term of imprisonment at the high end of the range reflected the seriousness of the crimes, promoted respect for the law, and deterred future conduct. Without asking what sentence the government would recommend, the court then sentenced Sanchez to 87 months' imprisonment.

Sanchez now appeals, arguing that his 87-month sentence is procedurally

unreasonable because Fed. R. Crim. P. 32 obligated the court to ask the government for its position on Sanchez's sentence.

The district court must impose a sentence that is both procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 50 (2007). When an objection is raised for the first time on appeal, we review for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Under plain error review, we may only correct errors if the defendant establishes: (1) an error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* A defendant's substantial rights are affected if there is a reasonable probability of a different result. *Id.* at 1299. There can be no plain error where neither the Supreme Court nor this court has directly resolved the pertinent issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Federal Rule of Criminal Procedure 32(i)(4)(A)(iii) provides that "[b]efore imposing sentence, the court must . . . provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney."[1]

---

[1] We note that, generally, this provision protects a right belonging to the government, not the defendant. *See United States v. Davis*, 953 F.2d 1482, 1497 n.20 (10th Cir. 1992) (noting the addition of subsection (i)(4)(A)(iii) to require the government attorney be heard if he so chooses). In this case, the government has not challenged the court's failure to elicit its sentencing recommendation. Moreover, although the rule uses the mandatory language "must," the House Judiciary Committee stated that the rule did not require the government to speak, but was intended to permit the government attorney to do so. *See* Charles Alan Wright, Nancy King & Susan Klein, Federal Practice & Procedure: Criminal 3d § 525.1 (2004).

3

Although at least one court has held that the failure to elicit a recommendation from the government is error, *United States v. Waknine*, 543 F.3d 546, 553 (9th Cir. 2008), this court has never addressed the sentencing court's obligations under Rule 32(i)(4)(A)(iii). Because there is no case law from the Supreme Court or this Circuit, there can be no plain error. *Lejarde-Rada*, 319 F.3d at 1291.

Even if the court plainly erred when it failed to ask the government for its sentencing recommendation, Sanchez has not shown that his substantial rights have been affected. *Waknine*, 543 F.3d at 553 (concluding that the failure to elicit a recommendation from the government was error, but the defendant had not shown that the error affected his substantial rights). The court explained its reasons for imposing a sentence at the high end of the guideline range. Sanchez has made no showing of any likelihood that, if the court had heard the government's sentencing recommendation, his sentence would be any different than the one imposed.[2] *See Rodriguez*, 398 F.3d at 1299-1300; *Waknine*, 543 F.3d at 553. Accordingly, Sanchez's sentence is

**AFFIRMED.**

---

[2] Because we conclude there was no error at sentencing, we need not consider Sanchez's request to remand the case to a different judge.