[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 01-14986
_____

D.C. Docket No. 01-00287-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 28, 2003
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY AFFIT LEJARDE-RADA,
a.k.a. Manuel Parejo Gamero,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida
_____

**(January 28, 2003)**

Before CARNES, MARCUS and SUHRHEINRICH*, Circuit Judges.

PER CURIAM:

Defendant Henry Affit Lejarde-Rada pled guilty, pursuant to a written plea

agreement, to one count of attempted illegal reentry into the United States

_____

*Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit,
sitting by designation.

following deportation subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). At sentencing, the district court denied Lejarde-Rada's motion for a downward departure and sentenced him to 41 months of imprisonment, in addition to three years of supervised release, and a $100 special assessment. On appeal, Lejarde-Rada argues that his guilty plea is invalid because the district court failed to ensure that he understood the direct consequences of his guilty plea.

When a district court accepts a guilty plea, it must ensure that the three core concerns of Rule 11 of the Federal Rules of Criminal Procedure have been met: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999) (internal marks omitted); see also United States v. Quinones, 97 F.3d 473, 475 (11th Cir. 1996).

Because Lejarde-Rada failed to object to any alleged error under Rule 11 before the district court, we review only for plain error. Mosley, 173 F.3d at 1322. Thus, Lejarde-Rada must show that there is (1) "error" (2) that is "plain" and (3) that "affect[s] substantial rights." United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). "If all three conditions are met, an appellate court

may then exercise its discretion to notice a forfeited error, but only if (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Johnson v. United States, 520 U.S. 461, 467, 117 S. Ct. 1544, 1549 (1997) (quoting Olano, 507 U.S. at 732, 113 S. Ct. at 1776) (other internal quotation marks omitted). We have previously said that "[a] district court's failure to address a core concern of Rule 11 constitutes plain error." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000); see also Quinones, 97 F.3d at 475. The context in which we have said that, however, is one in which there was a violation of an explicit and specific requirement of Rule 11. See Hernandez-Fraire, 208 F.3d at 949-51 (failure to inform the defendant of his right to plead not guilty, right to the assistance of counsel at trial, right to confront and cross-examine adverse witnesses at trial, and right against compelled self-incrimination, as required by Rule 11(c)(3)); Quinones, at 474-75 (failure to inform the defendant of the nature of the charge as required by Rule 11(c)(1)). The rationale is that where Rule 11 explicitly, specifically, and plainly requires that a court inform the defendant of something, it is plain error for the court not to do so. That is not the type of alleged error at issue here.

Lejarde-Rada contends that the guilty plea colloquy in his case did not meet the third core concern of ensuring his awareness of the direct consequences of his

3

guilty plea, not because the district court failed to inform him of something Rule 11 specifically requires, but because the district court did not go beyond the specific informational requirements of the rule and tell him that his right to appeal his sentence was limited by 18 U.S.C. § 3742. See 18 U.S.C. § 3742(a)(1)-(4) (identifying the circumstances in which a defendant may appeal his sentence).[1] Specifically, Lejarde-Rada argues that when the district court advised him that he had the right to appeal the validity of his sentence, it was error not to go further and tell him that pursuant to § 3742(a) he would be not be able to appeal a denial of his motion for a downward departure.[2]

---

[1]Lejarde-Rada's plea agreement did not contain an appeal waiver provision.

[2]During Lejarde-Rada's plea colloquy, defense counsel indicated that he intended to introduce evidence of coercion at sentencing in support of a motion for a downward departure. In response, the district court informed Lejarde-Rada that he could present his claim of coercion to the jury as a defense to the charged crime, but if he pled guilty he would waive the defense. Indicating that he understood his rights, Lejarde-Rada persisted in his plea of guilty and declined an opportunity to discuss the matter further with his attorney.

Before accepting his guilty plea, the district court mentioned Lejarde-Rada's appellate rights, and Lejarde-Rada indicated his understanding of these rights, as follows:

THE COURT: Do you understand that you give up your right to appeal any matter relating to your case, including the judgment and sentence which the Court may impose[], except as to the validity of the sentence.

[LEJARDE-RADA:] Yes, I understand.

THE COURT: That means if you went to trial and got convicted, you could have taken an appeal saying the jury wasn't fair or I wasn't fair. But when you plead guilty, you give up that right to appeal.
Do you understand that?

It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.  United States v. Magluta, 198 F.3d 1265, 1280 (11th Cir. 1999) ("a district court's error is not 'plain' or 'obvious' if there is no precedent directly resolving an issue"), vacated in unrelated part on other grounds, 203 F.3d 1304 (11th Cir. 2000).  No decision of this Court or the Supreme Court requires a district court to inform the defendant during a guilty plea colloquy that he may or will be unable to appeal any refusal by the court to depart downward at sentencing.  Our decision in United States v. Pierre, 120 F.3d 1153 (11th Cir. 1997), does not do that.  It involved a defendant who not only reasonably believed but was also affirmatively misinformed by the court he would be allowed to appeal an issue that his guilty plea waived.  Id. at 1155-56.  By contrast, Lejarde-Rada was not misinformed of anything, and there is no indication that he reasonably believed

[LEJARDE-RADA:]  Yes, I understand.

5

that he could appeal the court's refusal to depart downward.[3]  In the absence of any controlling precedent, there is no plain error in this case.

Indeed, there is no error at all.  Lejarde-Rada does not identify any provision of Rule 11 explicitly or implicitly requiring a district court to inform a defendant that his appellate rights are limited by § 3742(a).  See Fed. R. Crim. P. 11.  Instead, the rule requires only that the district court ensure that a defendant is aware of the direct consequences of his plea.  See United States v. Morse, 36 F.3d 1070, 1072 (11th Cir. 1994).  "[T]he court need not explain the possible collateral consequences of a guilty plea."  Id. (internal quotation marks omitted); see, e.g., Holmes v. United States, 876 F.2d 1545, 1549 (11th Cir. 1989) ("[T]he requirements of Rule 11 do not encompass the court's failure to inform a defendant of his ineligibility for parole since parole eligibility is a collateral rather than a direct consequence of a guilty plea."); United States v. Campbell, 778 F.2d 764, 767 (11th Cir. 1985) (noting that possible deportation is a collateral consequence of a guilty plea that need not be explained to a defendant during his plea colloquy).

---

[3]The decision in Peguero v. United States, 526 U.S. 23, 119 S. Ct. 961 (1999), is even more distinguishable.  That case involved Federal Rule of Criminal Procedure 32's explicit requirement that a defendant be notified at sentencing of his right to appeal, a requirement that was violated in that case.  Id. at 26-27, 119 S. Ct. at 963-64.

The application of § 3742(a) and the restraints it places on review of downward departure decisions is at most a collateral consequence of a guilty plea, just as it is at most a collateral consequence of conviction after trial. Regardless of whether a defendant pleads guilty or is convicted after trial, § 3742(a) applies. A guilty plea changes nothing about the operation of that provision. So, Rule 11 does not require a court to inform a defendant about that provision or its effect on his right to appeal.

Therefore, we find no error, and certainly no plain error, with respect to Lejarde-Rada's plea colloquy.

**AFFIRMED.**