[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
September 29, 2005
**THOMAS  K. KAHN**
**CLERK**

No. 05-11447
Non-Argument Calendar

_____

D. C. Docket No. 04-00347-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KRISTY FLEMMING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 29, 2005)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kristy Flemming ("Fleming") appeals her 46-month sentence, imposed after

she pled guilty to one count of importing at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(B)(ii), and one count of possessing with intent to distribute five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii).

At sentencing, Flemming expressed a desire to present the testimony of two live witnesses. Prior to hearing from the witnesses, the district court heard a proffer from Flemming's counsel concerning the witnesses' testimony. The government did not object to the contents of the proffer, but the court announced a sentence without hearing from the witnesses. Flemming did not object to this course of events at the time. However, she now argues on appeal that after United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), district courts have an "affirmative duty," to consider the factors set forth in 18 U.S.C. § 3553(a) in rendering sentences and that the district court had an affirmative duty to hear from these witnesses.

Because we find that Flemming did not adequately object to the court's refusal to hear live testimony, rather than defense counsel's proffer relating to the § 3553(a) factors, See United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003), cert. denied, 540 U.S. 839 (2003)(citation omitted), we review this issue for plain error. United States v. Olano, 507 U.S. 725, 731-732, 113 S.Ct. 1770, 1776, 123

2

L.Ed.2d 508 (1993).

Under plain error review, an appellant must show there was (1) an error (2) that is plain (3) which affects the appellant's substantial rights and (4) affects the fairness and integrity of the judicial proceedings. Id. at 732, 113 S.Ct. at 1776. To be "plain," an error must be "clear" or "obvious." Id. at 734, 113 S.Ct. at 1777. We have explained that, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir.2003).

Federal Rule of Criminal Procedure 32 sets forth the procedure to be followed at sentencing hearings. In particular, Rule 32(i)(1)(C) requires that the sentencing court provide the parties an opportunity "to comment on the probation officer's determinations and on other matters relating to the appropriate sentence." Fed.R.Crim.P. 32(i)(1)(C). Rule 32(i)(2) states that the sentencing court "may permit the parties to introduce evidence on the objections." Fed.R.Crim.P. 32(i)(2)(emphasis added). Moreover, U.S.S.G. § 6A1.3(a) states that, "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a).

3

Neither the Supreme Court nor this Court has discussed whether a district court's decision not to hear live testimony regarding the § 3553(a) factors, in a post-Booker case, constitutes error. Moreover, Flemming has not cited to any authority indicating that a district court must hear, or justify its decision not to hear, live testimony pertaining to the § 3553(a) factors. Rather, Rule 32 indicates only that sentencing courts must provide the parties an opportunity to comment on the PSI and "other matters relating to the appropriate sentence." Fed.R.Crim.P. 32(i)(1)(C).

In the instant case, the district court permitted Flemming's counsel to comment on the presentence investigation report ("PSI") and proffer testimony regarding the nature of the offense and Flemming's history and characteristics and other § 3553(a) factors. The government never contested the accuracy of this proffer. Accordingly, the district court did not plainly err in declining to hear live testimony regarding the factors in § 3553(a). We, thus, affirm as to this issue.

We also reject Flemming's arguement that the district court failed to properly consider the § 3553(a) factors, and, therefore, the court's sentence was unreasonable. She notes that at sentencing defense counsel tried to introduce evidence regarding her circumstances, and although the district court acknowledged its authority to impose a sentence below the Guideline range, it did

4

not conduct "any meaningful analysis" regarding whether it should sentence Flemming below the Guidelines.

Under Booker, we review a defendant's ultimate sentence for "unreasonableness." See Booker, 543 U.S. at ___, 125 S.Ct. at 765. We have clarified that we first evaluate, using pre-Booker precedent, whether the district court correctly interpreted and applied the guidelines to determine the appropriate advisory guideline range. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). As we have noted, "the district court remains obliged to 'consult' and 'take into account' the Guidelines in sentencing [the defendant]," and the "reasonableness" standard applies to the ultimate sentence imposed. Id. Moreover, we have commented that we do "not expect the district court in every case to conduct an accounting of every § 3353(a) factor . . . and expound upon how each factor played a role in its sentencing decision." United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005).

As an initial matter, Flemming does not argue on appeal, and the record does not show, that the district court erred in calculating her offense level under the Guidelines. Accordingly, there is no error in this respect. See Crawford, 407 F.3d at 1178. Moreover, in sentencing Flemming, the district court found the sentence imposed to be reasonable, after explicitly considering, inter alia: (1) Flemming's

remorse and her lack of a prior criminal history, (see § 3553(a)(1)); (2) the need to deter drug traffickers from using sympathetic individuals as couriers, (see § 3553(2)(B)); (3) the seriousness of the offense, particularly the fact that Flemming was paid $4,000 for her involvement and the fact that the offense conduct involved a large amount of drugs, (see §§ 3553(a)(1) and (2)(A)); and (4) the types of sentence suggested by the defense counsel, (see § 3553(a)(4)). As noted above, the district court need not "expound upon how each factor played a role in its sentencing decision." See Robles, 408 F.3d at 1328. In light of the district court's assessment of these factors, its sentence of 46 months' imprisonment, within the Guideline range but less than half of the statutory mandatory minimum of 120 months' imprisonment, is "reasonable" under the facts of this case. See Booker, 125 S.Ct. at 765-66; 18 U.S.C. § 3553(a). Accordingly, we affirm Flemming's sentence.

**AFFIRMED.**