[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11267
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 04 2008
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 06-60104-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE FRANK MYLES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 4, 2008)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

George Myles, Jr. appeals his convictions and aggregate sentence of 78 months' imprisonment for making fraudulent representations concerning aircraft parts to the Department of Defense and others in violation of 18 U.S.C. §§ 38(a)(1)(B), (b)(4), 2. We review his issues on appeal in turn, and affirm his convictions and sentence.

I.

Myles first asserts the district court violated the Confrontation Clause of the Sixth Amendment by admitting seized business records from his company, Miles Aviation, and by admitting Agent Timothy Arnold's testimony regarding the contents of the records. Myles contends the records were testimonial in nature because they contain a description of the events that the customer and the Government believed were criminal. Thus, Myles claims he was denied the opportunity to cross examine the allegedly defrauded customers. Myles concedes he did not raise this Sixth Amendment argument below.

Where the defendant raises an argument for the first time on appeal, we review for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Where neither precedent nor the explicit language of the rule specifically resolves an issue, there can be no plain error. *United States v. Lejarde-Rada,* 319 F.3d 1288, 1291 (11th Cir. 2003).

The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Confrontation Clause bars the admission of testimonial statements if the declarant has not been, and cannot be, subjected to full cross-examination regardless of the admissibility of statements under the laws of evidence. *Crawford v. Washington*, 124 S. Ct. 1354, 1364, 1370, 1374 (2004).

The district court did not plainly err in admitting the disputed records and permitting Agent Arnold to testify to their contents. The disputed records consisted of business records in the form of FAA 8130 and ATA 106 forms which were seized from Miles Aviation and were prepared and signed by Myles. Neither the Supreme Court nor this Court has held that such business records constitute testimonial hearsay or violate the Confrontation Clause. Moreover, in *Crawford*, the Supreme Court suggested that business records were not, "by their nature," testimonial. *Crawford*, 124 S. Ct. at 1367. Because admission of the business records did not contradict precedent or the explicit language of a statute, the district court did not plainly err. *See Lejarde-Rada*, 319 F.3d at 1291.

II.

Myles next contends the admission of Miles Aviation's answer to a civil complaint constitutes reversible error because it affected his substantial rights by materially contradicting his trial testimony.

We review a district court's evidentiary ruling for an abuse of discretion. *United States v. Garcia-Jaimes,* 484 F.3d 1311, 1320 (11th Cir. 2007). We have held that evidentiary errors "do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights." *United States v. Hawkins*, 905 F.2d 1489, 1493 (1990).

As the parties agree, Miles Aviation's answer was not admissible under Rule 803(8).[1] However, in light of the evidence presented at trial, any error in admitting the evidence was not grounds for reversal because it did not affect Myles's substantial rights. At trial, the evidence showed that (1) Myles signed FAA 8130 and ATA 106 forms without proper authority; (2) these forms falsely attested to the inspection, condition, and origination of the aircraft parts he sold; (3) Myles did this despite warning letters from the FAA informing him that he was not

---

[1] Subsection 8 of Rule 803's hearsay exceptions permits admission of records of public offices or agencies, setting forth: (1) the activities of the office or agency; (2) matters observed pursuant to duty imposed by law as to which matters there was a duty to report; or (3) in civil actions and proceedings and against the government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law. Fed. R. Evid. 803(8).

4

authorized to inspect and overhaul parts; and (4) he sold the parts based on his fraudulent certification of the part's condition. Additionally, two witnesses testified the Eagle NDT testing equipment appeared unused for some time. Thus, the admission of Miles Aviation's answer, indicating the equipment purchased from Eagle NDT did not work, did not have a substantial influence on the outcome of the trial because there was sufficient evidence that Myles knowingly made false certifications regarding the aircraft parts with intent to defraud in violation of § 38. Therefore, reversal of Myles's conviction is not required. *See Hawkins*, 905 F.2d at 1493.

III.

Myles further asserts the district court erred in considering uncharged transactions as relevant conduct at sentencing when it enhanced his sentence based on the loss amount and number of victims. Myles contends the uncharged transactions, which substantially increased his Guidelines offense level pursuant to U.S.S.G. § 2B1.1(b), were not part of the same course of conduct for which he was indicted and convicted. Additionally, Myles asserts the district court's findings were not based on reliable and specific evidence.

We review whether the district court misapplied the relevant conduct provisions of the Guidelines *de novo*. *See United States v. McCrimmon*, 362 F.3d

5

725, 728 (11th Cir. 2004). We review for clear error the district court's factual findings at sentencing, such as loss amount and number of victims. *See id.* If a defendant fails to raise his objection before the district court, however, we review the issue for plain error. *Rodriguez*, 398 F.3d at 1298.[2]

The district court must correctly calculate the Guidelines range, including consideration of all relevant conduct. *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). Relevant conduct may include both uncharged and acquitted conduct that is proven by a preponderance of the evidence. *Id.*

The Guidelines' relevant conduct provisions require consideration of the following to determine an offense level:

> (a)(1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
> . . .
>
> (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivision[] (1)(A) . . . above that were part of the same

---

[2] During sentencing, Myles's objections focused on whether the uncharged transactions should be included as relevant conduct, as well as the amount of loss and number of victims. On admission of the evidence of the uncharged transactions, Myles did not dispute their accuracy but argued they should not be included as relevant conduct. Later, Myles argued the conclusions drawn from the evidence were based on "too many assumptions." Because he did not explicitly object to the reliability and specificity of the evidence underlying the court's findings, Myles's challenge to the reliability and specificity of the evidence at sentencing should be reviewed for plain error. Thus, whether the uncharged transactions constitute relevant conduct is reviewed *de novo*, and the reliability and specificity of the evidence is reviewed for plain error.

course of conduct or common scheme or plan as the offense of conviction;

(3) all harm that resulted from the acts and omissions specified in subsection[] (1)(A) . . . above, and all harm that was the object of such acts and omissions; and

(4) any other information specified in the applicable guideline.

U.S.S.G. § 1B1.3.  According to the commentary, offenses constitute a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi."  *Id.*, comment. (n.9(A)).  Additionally, offenses are the same course of conduct, "if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses" after considering "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.*, comment. (n.9(B)).

In determining whether uncharged conduct is relevant, we evaluate the similarity, regularity, and temporal proximity between the counts of conviction and uncharged conduct.  *United States v. Maxwell*, 34 F.3d 1006, 1011 (11th Cir. 1994).  This evaluation includes consideration of "'whether there are distinctive similarities between the offense of conviction and the remote conduct that signal that they are part of a single course of conduct rather than isolated, unrelated

7

events that happen only to be similar in kind." *Id*. (quoting *United States v. Sykes*, 7 F.3d 1331, 1336 (7th Cir. 1993)).

We considered whether the sales of car parts stolen at different times from different victims at different locations to *bona fide* purchasers and co-conspirators were part of the same course of conduct or common scheme to constitute relevant conduct. *United States v. Fuentes*, 107 F.3d 1515, 1524-25 (11th Cir. 1997) (determining relevant conduct under U.S.S.G. § 1B1.3 where some sales provided the basis for state convictions but not the federal convictions for which the defendant was being sentenced). We concluded the federally charged and state charged incidents were part of the same course of conduct and common scheme or plan, because the incidents occurred with regularity within the same time period and shared identical modus operandi and purpose. *Id*. at 1525-26. Therefore, all the incidents constituted relevant conduct. *Id*. at 1526.

The district court did not err in including Myles's uncharged conduct as relevant conduct under §1B1.3. Like the state charged conduct in *Fuentes*, Myles's uncharged conduct regularly occurred within the same time period as the charged conduct. Specifically, the seized documents showed that Myles completed more than 250 FAA 8130 and ATA 106 forms between March 2004 and February 2006, and the indictment covered fraudulent transactions committed between July

8

2005 and February 2006. Therefore, the uncharged conduct was part of the same course of conduct. *See Fuentes*, 107 F.3d at 1525. Additionally, all of Myles's conduct followed the same modus operandi. He received an order, filled it with non-conforming parts, and falsely certified the parts in order to profit from the sales of parts by misrepresenting their condition. Thus, the uncharged conduct was also part of the same common scheme. *See Fuentes*, 107 F.3d at 1525.

Next, Myles contends there was not reliable and specific evidence supporting the enhancements for the relevant conduct. In determining the loss attributable to relevant conduct, the government bears the burden of proving loss with reliable and specific evidence. *United States v. Dabbs*, 134 F.3d 1071, 1081 (11th Cir. 1998). However, the loss may be a reasonable estimate of the intended loss. U.S.S.G. § 2B1.1, comment. (n.3(C)).

Contrary to Myles's assertion, the district court did not rely solely on a cursory review of the binder material to determine relevant conduct, loss, and victims at sentencing. Instead, the Government presented documentary evidence and a witness, Ramirez, who testified to his audit of all the documents seized from Miles Aviation, the contents of the binders, and the summary charts admitted as the Government's exhibits.[3] Ramirez also testified he traced the fraudulent provision

---

[3] Rule 1006 permits the contents of voluminous writing to be presented in the form of a chart, summary, or calculation. Fed. R. Evid. 1006. Myles does not contend that the

of parts to each represented customer beginning with its order. Therefore, Myles's argument the district court failed to base its findings on specific and reliable evidence is without merit. *See Dabbs*, 134 F.3d at 1081.

IV.

The district court did not plainly err in admitting FAA 8130 and ATA 106 forms. Although the district court erred when it admitted Miles Aviation's answer to a civil complaint under the public records exception, any error did not affect Myles's substantial rights in light of the other evidence against him. The district court did not err when it considered uncharged fraudulent transactions as relevant conduct to determine sentencing enhancements based on the loss amount and number of victims because the transactions occurred during the same time period and followed the same course of conduct as the charged transactions. Accordingly, we affirm Myles's convictions and aggregate sentence.

**AFFIRMED**.

---

Government's exhibits were improperly admitted under Rule 1006.