[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13516
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00003-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARVEY EVANS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 17, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Harvey Evans, Jr., appeals his 200-month sentence for possession with intent

to distribute 50 grams or more of cocaine base ("crack cocaine") on the ground that both 21 U.S.C. § 841(b)(1) and the Sentencing Guidelines violate the Eighth Amendment's prohibition against cruel and unusual punishment because of their disparate treatment of crack and powder cocaine offenses. After review, we affirm.

## I. BACKGROUND

Evans pled guilty to conspiracy to possess with the intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(iii), and 846. The Presentence Investigation Report ("PSI") calculated a base offense level of 32, pursuant to U.S.S.G. § 2D1.1, based on the drug quantity. However, an offense level of 37 applied, pursuant to U.S.S.G. § 4B1.1, because Evans qualified as a career offender and his underlying offense carried a statutory maximum penalty of life imprisonment. After applying a three-level reduction for acceptance of responsibility, the PSI calculated an adjusted offense level of 34. Evans's criminal history category was VI, which yielded an advisory guidelines range of 262 to 327 months' imprisonment. The PSI also noted that a mandatory minimum term of 10 years' imprisonment applied.

At the sentencing hearing, the district court adopted the PSI's factual statements and guidelines calculations. The district court acknowledged that it was permitted to consider the crack/powder disparity after Kimbrough v. United States,

2

552 U.S. __, 128 S. Ct. 558 (2007), and stated that it had considered that disparity. The district court also stated that it had considered the 18 U.S.C. § 3553(a) factors, Evans's criminal history, his co-defendant's sentence, and the other factors discussed. The district court sentenced Evans to 200 months' imprisonment and 5 years' supervised release. This was below the advisory guidelines range of 262 to 327 months' imprisonment. Evans raised no objections after sentencing.

## II. DISCUSSION

Evans argues that the disparity between crack and powder cocaine offenses in the Sentencing Guidelines and in the mandatory minimum sentences in 21 U.S.C. § 841(b)(1) violates the Eighth Amendment's prohibition against cruel and unusual punishment. Because Evans raises this constitutional argument on appeal for the first time, we review only for plain error.[1] United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005). For several reasons, Evans has not shown plain error in either regard.

First, this Court already has rejected the argument that the disproportionality of sentences for crack and powder cocaine violates the Eighth Amendment. United

---

[1]To prove plain error, an appellant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." Moriarty, 429 F.3d at 1019. If all three conditions are met, we may exercise our discretion to recognize the error, "but only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks and brackets omitted).

3

States v. Brazel, 102 F.3d 1120, 1158 (11th Cir. 1997); see also United States v.

Garcia-Carrasquillo, 483 F.3d 124, 134 (1st Cir.) (stating that "every other circuit

has rejected the argument that the sentencing disparity between crack and powder

cocaine constitutes cruel and unusual punishment"), cert. denied, 128 S. Ct. 338

(2007).

Second, Evans's Eighth Amendment argument is based on the Supreme

Court's Kimbrough decision.  Kimbrough addressed only whether a district court

was allowed to consider the Sentencing Guidelines' crack/powder cocaine

disparity when determining an appropriate sentence in light of the § 3553(a)

factors.  See Kimbrough, 128 S. Ct. at 564.  Kimbrough did not address the

constitutionality of the Sentencing Guidelines' offense levels or the statutory

minimum sentences in 21 U.S.C. § 841(b)(1) for crack cocaine offenses.[2]  Nor did

it address an Eighth Amendment challenge to the Sentencing Guidelines or 21

U.S.C. § 841(b)(1).  And Evans has not pointed to any other case from the

Supreme Court or this Court in support of his Eighth Amendment argument.

---

[2]To the contrary, it recognized that district court remain bound by the statutory minimum sentences in § 841(b)(1).  See Kimbrough, 128 S. Ct. at 574 ("[A]s to crack cocaine sentences in particular, we note a congressional control on disparities: possible variations among district courts are constrained by the mandatory minimums Congress prescribed in the [Anti-Drug Abuse Act of 1986]"); id. at 572 (stating that the Anti-Drug Abuse Act of 1986 "does not require the [Sentencing] Commission—or, after Booker, sentencing courts—to adhere to the 100-to-1 ratio for crack cocaine quantities other than those that trigger the statutory mandatory minimum sentences" (emphasis added)).

4

United States v. Chau, 426 F.3d 1318, 1322 (11th Cir. 2005) (stating an alleged error cannot be plain "'where there is no precedent from the Supreme Court or this Court directly resolving it'" (quoting United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003))).

Third, any crack/powder cocaine disparity in the Sentencing Guidelines is irrelevant here because Evans's base offense level was determined by the career offender provision under U.S.S.G. § 4B1.1, not the drug guidelines provision for his offense conduct.  See United States v. Vazquez, __ F.3d __, 2009 WL 331014, at **2–4 (rejecting argument that Kimbrough overruled this Court's precedent that a district court may not consider its disagreement with the career offender provision in the Sentencing Guidelines at sentencing).

Finally, we note that, in considering the § 3553(a) factors, the district court acknowledged that it could consider the crack/powder cocaine disparity after Kimbrough, stated that it had considered that disparity at sentencing, and sentenced Evans below the advisory guidelines range of 262 to 327 months' imprisonment.

For all these reasons, we affirm Evans's 200-month sentence.

**AFFIRMED.**

5