[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2011
JOHN LEY
CLERK

_____

No. 10-12399
Non-Argument Calendar

_____

D.C. Docket No. 4:09-cr-00073-RH-WCS-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUNIOR DOGUER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 17, 2011)

Before TJOFLAT, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant pled guilty under a plea agreement to Counts One, Two , and

Eight of a nine-count indictment returned against him and others. Count One

charged him with conspiracy to traffic and use unauthorized access devices, in violation of 18 U.S.C. §§ 371, 1029(b)(2) and (c); Count Two charged fraud in connection with counterfeit credit cards or access devices, in violation of 18 U.S.C. §§ 1029(b)(2) and (c); Count Eight charged aggravated identity theft, in violation of 18 U.S.C. § 1028A. The district court sentenced appellant to concurrent prison terms of 60 months on Count One and 97 months on Count 2 and a consecutive prison term of 24 months on Count Eight. He now appeals his sentences.

Appellant argues that the district court erred by imposing a two-level enhancement of his offense level, pursuant to U.S.S.G. § 2B1.1(b)(10), for "(A) possession or use of any (i) device making equipment" or "(B) production or trafficking of any (i) unauthorized access device or counterfeit access device" because he was also subject to the mandatory 24 months consecutive sentence on Count Eight. He relies on the commentary to U.S.S.G. § 2B1.6, which restricts the application of "specific offense characteristics for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense." U.S.S.G. § 2B1.6, comment (n. 2).

"We review the district court's legal interpretations of the Sentencing Guidelines under a *de novo* standard of review and we must accept its factual

determinations unless they are clearly erroneous." *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010) (citations omitted), *cert. denied*, 131 S.Ct. 959 (2011).  Because appellant did not object to the district court's application of the two-level enhancement under § 2B1.1(b)(10), we review this issue for plain error. *United States v. Bonilla*, 579 F.3d 1233, 1238-39 (11th Cir. 2009) (applying plain error review to sentencing arguments raised for the first time on appeal), *cert. denied*, 130 S.Ct. 2361 (2010).  To succeed on this point, appellant must show (1) an error that (2) is plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).  An error cannot be deemed plain where "there is no precedent from the Supreme Court or this Court directly resolving" a doubtful question of statutory construction. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Appellant cannot establish that the district court plainly erred in its application of the two-level enhancement.  We have not yet addressed the scope of the commentary to U.S.S.G. § 2B1.6 as applied to the § 2B1.1(b)(10) specific offense characteristics.  The presentence investigation report ("PSI") states that the § 2B1.1(b)(10) enhancement applies under (A)(i) for "possession or use of any

3

device-making equipment" because the "offense included an encoder" and under (B)(i) for "production or trafficking of any (i) unauthorized access device or counterfeit access device" because the "debit cards in this case were produced with the express intent to defraud." The limitation on application of specific offense characteristics in the commentary to § 2B1.6 extends only to "transfer, possession, or use of a means of identification," such as a card, code, account number, or PIN. U.S.S.G § 2B1.6, comment (n. 2); 18 U.S.C. §§ 1028(d)(7)(D), 1029(e)(1). The offense conduct that triggered the § 2B1.1(b)(10) enhancement in this case involved both the use of an encoder to produce counterfeit debit cards and the production of debit cards, rather than merely the "transfer, possession, or use" of those debit cards. Thus, the plain language of the relevant guidelines, commentary, and referenced statutes support the district court's application of § 2B1.1(b)(10) in this case.

Appellant's contention that the factual basis for his plea agreement does not support the enhancement is wholly without merit. He never objected to the factual basis for the enhancement, i.e., use of an encoder and production of debit cards, and he withdrew his objection to his designation as a "handler," which the PSI described as including the activity of "reencoding cards." *See Wade*, 458 F.3d at 1277 ("failure to object to allegations of fact in a PSI admits those facts for

sentencing purposes"). Although the offense conduct also involved "transfer, possession or use" of counterfeit debit cards, the district court did not rely on this conduct for application of the § 2B1.1(b)(10) two-level increase.

AFFIRMED.