[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2011
JOHN LEY
CLERK

No. 10-15328
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-14066-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO GONZALEZ-SALINAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 13, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Gustavo Gonzalez-Salinas appeals his 57-month sentence after pleading

guilty to illegally re-entering the United States, in violation of 8 U.S.C. § 1326(a).

On appeal, Gonzalez-Salinas asserts that the district court erred by applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(i)(A)(ii) on the ground that his prior Florida conviction for aggravated assault was a "crime of violence." It is undisputed, however, that Gonzalez-Salinas did not raise his arguments supporting that assertion below. We therefore review them for plain error. United States v. Pantle, 637 F.3d 1172, 1174 (11th Cir. 2011). And, applying that standard of review, we conclude that Gonzalez-Salinas is not entitled to relief. This is so because, even assuming arguendo that the district court erred by applying the enhancement, any such error was not plain, for there is no precedent from either this Court or the Supreme Court directly resolving the issue or Gonzalez-Salinas' arguments. See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). Accordingly, we affirm.

**AFFIRMED.**