[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12714
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20112-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAIK ALEJANDRA GONZA ESCUDERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 6, 2016)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

The district court imposed a sentence of ten months imprisonment and two

years of supervised release on Naik Alejandra Gonza Escudero after she pleaded

guilty to conspiracy to possess 15 or more unauthorized access devices (in this case, credit cards), in violation of 18 U.S.C. § 1029(b)(2), and possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). Escudero now challenges that sentence, contending that the district court erred in applying three different offense level enhancements under the United States Sentencing Guidelines. We review de novo the district court's interpretation of the sentencing guidelines. United States v. Duperval, 777 F.3d 1324, 1331 (11th Cir. 2015). "We review for clear error the findings of fact that underlie a determination that a sentencing enhancement applies." Id.

Escudero first challenges the district court's calculation of loss, which supported a two-level enhancement under U.S.S.G. § 2B1.1(b)(1)(B). She contends that there was no loss for sentencing purposes because she never used the credit cards and she did not know whether they would work. That argument has no merit. "When calculating loss for sentencing purposes, the district court looks to the greater of actual loss or intended loss." United States v. Willis, 560 F.3d 1246, 1250 (11th Cir. 2009) (quotation marks omitted). "Intended loss is the pecuniary harm that was intended to result from the offense and it includes intended pecuniary harm that would have been impossible or unlikely to occur." Id. (quotation marks omitted). In her appellate brief, Escudero admits that she "told the [district court] that she was going to try to use the cards." Applying the

2

guidelines, the district court reasonably found that there was an intended loss that supported an enhancement.  The fact, if true, that there was no actual loss is completely beside the point.

Escudero next challenges the district court's finding that a substantial part of the fraudulent scheme was committed from outside the United States, which supported a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(B).  She contends that there was no evidence that she or her coconspirator stole credit card numbers in Mexico, obtained credit from Mexican banks, or purchased goods in Mexico to resell for profit.  However, the factual proffer signed by Escudero and her statements at the change-of-plea hearing established that she obtained the fraudulent credit cards and an identification card in Mexico, gave a false name for use on the credit cards to the sellers in Mexico, traveled from Mexico with the intent of using the credit cards in the United States, and gave the cards to her coconspirator before being inspected by border officers upon entering the United States.  In light of that evidence, the district court did not clearly err in finding that a substantial part of the fraudulent scheme was committed from outside the United States.  See United States v. Singh, 291 F.3d 756, 762 (11th Cir. 2002).

Finally, Escudero challenges the district court's finding that the counterfeit credit cards were "means of identification," which supported a two-level enhancement under U.S.S.G. § 2B1.1(b)(11)(C)(ii).  She contends that the only

3

evidence that the cards were associated with actual, as opposed to fictitious, individuals was a chart that the government submitted during sentencing.  She argues that the chart was insufficient to establish that the credit cards were associated with actual individuals.  Because she raises that argument for the first time on appeal, we review only for plain error.  United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).  "[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [an issue]."  United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).  We are not aware of any binding precedent in this circuit which suggests that the district court cannot rely on a government chart to show that credit cards belonged to actual individuals.  Moreover, credit cards are means of identification.  See United States v. Auguste, 392 F.3d 1266, 1267–68 (11th Cir. 2004).  The district court did not plainly err in finding that the credit cards Escudero possessed were "means of identification."

**AFFIRMED.**

4