[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11007
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cr-00006-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAI DEVON LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 18, 2018)

Before MARTIN, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

In October 2015, Jai Lee was tried for one count of identity theft in violation of 18 U.S.C. § 1028(a)(7), one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(3), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.  The jury found Lee guilty of all three counts.  After Lee had been convicted, the district court dismissed the identity theft count on double-jeopardy grounds and entered judgment against him on the access device fraud and the aggravated identity theft counts.  Lee was sentenced to 101-months imprisonment.

Lee appeals from his convictions and sentence.  He argues the district court plainly erred by finding the evidence sufficient to convict him of access device fraud and aggravated identity theft and by giving the jury an aiding and abetting instruction on the dismissed identity theft charge.  He also argues the district court erred by enhancing his sentence for obstructing justice.  After careful review, we affirm.

I.

We review de novo the sufficiency of evidence to support a conviction, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Pierre, 825 F.3d 1183, 1191 (11th Cir. 2016).  When a defendant fails to raise an argument before the district court, we review for plain error. United States v. Leon, 841 F.3d 1187, 1192 (11th Cir. 2016).  A defendant may

2

demonstrate plain error by showing that the district court erred; that the error was plain; that the error affected his substantial rights; and that the error seriously affected the fairness, integrity, or public reputation of the proceedings. Id. Where there is no precedent from the Supreme Court or this Court directly resolving an issue, and the text of a statute or rule does not explicitly resolve it, there can be no plain error. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

Lee challenges his conviction for access device fraud under 18 U.S.C. § 1029(a)(3). To support a conviction under this statute, the government must prove the defendant knowingly possessed at least fifteen unauthorized or counterfeit access devices, acted with the intent to defraud, and affected interstate or foreign commerce. Id. Lee argues the evidence presented against him was not sufficient to show the element of "intent to defraud." That element requires "the specific intent to deceive or cheat, for the purpose of either causing some financial loss to another, or bringing about some financial gain to one's self." United States v. Klopf, 423 F.3d 1228, 1240 (11th Cir. 2005) (quotation omitted). The government says the evidence presented against Lee satisfied this element because Lee intended to sell the social security numbers to someone he believed would use them to file unauthorized tax returns.

3

Lee argues, however, that, to be convicted under § 1029(a)(3), he must have personally used or attempted to use the social security numbers for fraud or acquired them by fraud.   He says his belief that the intended buyer would use the numbers for fraud is not sufficient to show he personally acted with the "intent to defraud" under § 1029(a)(3).

Lee concedes he did not challenge the sufficiency of the evidence of intent to defraud before the district court.  We therefore review the district court's ruling for plain error.  We conclude the district court did not plainly err by finding the evidence sufficient to convict Lee under § 1029(a)(3).  Lee can point to no holding by this Court or the Supreme Court interpreting § 1029(a)(3) to require more evidence of intent to defraud than Lee's belief that the intended purchaser would use the social security numbers to defraud the government and individual victims. Neither does the text of § 1029(a)(3) explicitly require a greater showing.  The district court therefore did not plainly err by finding the evidence sufficient to convict Lee under 18 U.S.C. § 1029(a)(3).  See Lejarde-Rada, 319 F.3d at 1291.

## II.

Lee challenges the sufficiency of the evidence to convict him of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) for the first time on appeal.  Thus, our standard of review is plain error for this argument as well.  To prove a violation of 18 U.S.C. § 1028A, the evidence must establish that the defendant: (1) knowingly

transferred, possessed, or used the means of identification of another person; (2) without lawful authority; (3) during and in relation to a felony enumerated in § 1028A(c). United States v. Barrington, 648 F.3d 1178, 1192 (11th Cir. 2011) (quotation and footnote omitted). The predicate felonies in § 1028A(c) include access device fraud under § 1029(a)(3). See 18 U.S.C. § 1028A(c)(4).

The district court did not plainly err by finding the evidence was sufficient to convict Lee of aggravated identity theft under § 1028A(a). The evidence showed he knowingly possessed other people's names, dates of birth, and social security numbers without lawful authority and that he did so during and in relation to the predicate felony of access device fraud under § 1029(a)(3).[1]

Lee argues it is "circular and redundant" to convict him of both aggravated identity theft and access device fraud because both convictions were based on identical conduct: namely, possessing more than fifteen other people's social security numbers. In his view, he was effectively convicted of possessing social security numbers "during and in relation to" the predicate offense of possessing social security numbers. See 18 U.S.C. § 1028A(a).

This Court has held that convictions for access device fraud under § 1029(a)(2) and for aggravated identity theft under § 1028A(a) do not violate the

---

[1] Lee also argues he cannot be convicted of aggravated identity theft because the evidence was insufficient to convict him of the predicate offense of access device fraud under 18 U.S.C. § 1029(a)(3). We rejected this argument made to challenge his access device fraud conviction, and it fails here as well.

double jeopardy clause.  Congress "specifically authorized cumulative punishment."  United States v. Bonilla, 579 F.3d 1233, 1244 (11th Cir. 2009).  The same is true for the conviction of possessing fifteen or more access devices under § 1029(a)(3) and possessing means of identification under § 1028A(a).  Congress provided that a conviction under § 1029(a)(3) would serve as a predicate offense for aggravated identity theft and trigger a two-year sentencing enhancement.  See 18 U.S.C. § 1028A(c)(4).

Of course it's true, as Lee argues, that social security numbers are both "means of identification" and "access device[s]."  See id. § 1028(d)(7)(a) (defining "means of identification" to include social security numbers); United States v. Wright, 862 F.3d 1265, 1275–76 (11th Cir. 2017) (holding that a social security number qualifies as an "access device" under 18 U.S.C. § 1029(e)).  And, in that sense, Lee could have been convicted of both counts based on possessing the same thing.  But to be convicted of aggravated identity theft, Lee had to know the social security numbers "belonged to another person," Flores-Figueroa v. United States, 556 U.S. 646, 657, 129 S. Ct. 1886, 1894 (2009), while access device fraud does not require such knowledge.  See 18 U.S.C. § 1029(a)(3) (requiring "knowing[]" possession of fifteen or more "counterfeit or unauthorized access devices" with "the intent to defraud").  And in any event, the evidence also showed Lee possessed the names and dates of birth of other people, which are "means of

6

identification," as defined in 18 U.S.C. § 1028(d)(7), but which this Court has not characterized as access devices. Thus, the jury's decision to convict on aggravated identity theft could have rested on a different means of identification than the social security numbers that supported the access device fraud conviction. For these reasons, Lee's argument that his convictions for aggravated identity theft and access device fraud are "circular and redundant" cannot carry the day.

III.

Before the conclusion of trial, the government requested an aiding-and-abetting instruction on the identity theft count. Lee did not object to the instruction, and the district court gave it. On appeal, Lee now says the instruction was erroneous and infected the access device fraud and aggravated identity theft counts.

When a defendant does not object to the district court's jury instructions at trial, we review for plain error. Barrington, 648 F.3d at 1193. We review jury instructions to determine whether they "misstated the law or misled the jury to the prejudice of the objecting party." United States v. Seabrooks, 839 F.3d 1326, 1333 (11th Cir. 2016) (quotation omitted). Absent evidence to the contrary, we presume a jury followed the district court's instructions. United States v. Bowers, 811 F.3d 412, 422 (11th Cir. 2016). "A challenged supplemental jury instruction is reviewed as part of the entire jury charge, in light of the indictment, evidence

presented and argument of counsel to determine whether the jury was misled and whether the jury understood the issues." United States v. Johnson, 139 F.3d 1359, 1366 (11th Cir. 1998) (quotation omitted). We will not reverse a conviction based on a challenge to jury instructions "unless we are left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Seabrooks, 839 F.3d at 1333 (quotation omitted).

The district court did not violate Lee's substantial rights by giving an aiding-and-abetting instruction for identity theft. Although the jury convicted Lee on all three counts, the government asked the district court to dismiss the identity theft count on double jeopardy grounds, and it did. Lee argues the jury improperly applied the aiding-and-abetting instruction to the access device fraud and aggravated identity theft counts as well. Ordinarily we presume the jury follows the district court's instructions, and would have applied the aiding-and-abetting instruction to only the identity theft count. See Bowers, 811 F.3d at 422.

Here, there is some evidence the jury was confused by the instructions on identity theft and aggravated identity theft. The jury sent a question to the district court asking, "What is the difference between Count 1 and Count 3? [A]nd please explain Fact 3 of Count 3?" The court understood the question's reference to "Fact 3" to refer to the third element of aggravated identity theft, which was the existence of a predicate felony offense. The court sympathized with the jury,

8

saying that the charge is "not easy for me to understand" and that the court wasn't sure if the government or defense counsel understood the charge either. The court sought to clarify the two offenses in a lengthy answer to the question, including a specific explanation of the predicate conviction element of aggravated identity theft. In giving this answer, the court said the elements of the identity theft count and aggravated identity theft count were "very close," and the court did not clarify that the aiding-and-abetting instruction applied only to identity theft.

Although the jury's question and the court's answer displayed some confusion, we are not "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations." Seabrooks, 839 F.3d at 1333 (quotation omitted). We consider the district court's supplemental instruction as part of the entire charge to the jury and in light of the indictment, the evidence presented, and counsels' arguments. Johnson, 139 F.3d at 1366. The district court gave the aiding-and-abetting charge for only the identity theft count. The indictment also references aiding-and-abetting liability only for the identity theft count and not for the others. Also, the evidence showed Lee's guilt as a principal, and the arguments of counsel focused on Lee's guilt as a principal. Most important, the jury questioned the difference between identity theft and aggravated identity theft, and, in particular, the predicate-felony element of aggravated identity theft. The jury displayed no confusion about aiding and abetting. On this record,

9

Lee has not shown any error with respect to the aiding-and-abetting charge or to the Court's answer to the jury's question affected his substantial rights. See Barrington, 648 F.3d at 1193.

## IV

In calculating Lee's sentencing guideline range, the district court applied a two-level obstruction-of-justice enhancement. Lee challenges this enhancement. In reviewing the imposition of a sentencing enhancement, we review the district court's fact finding for clear error and review de novo its application of those factual findings to the United States Sentencing Guidelines. United States v. Doe, 661 F.3d 550, 565 (11th Cir. 2011). When the record "clearly reflects the basis for the enhancement and supports it," we need not remand for further findings. United States v. Taylor, 88 F.3d 938, 944 (11th Cir. 1996).

The Sentencing Guidelines provide for a two-point offense-level enhancement where the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and [ ] the obstructive conduct related to [ ] the defendant's offense of conviction and any relevant conduct [ ] or [ ] a closely related offense." USSG § 3C1.1. One way this enhancement applies is when the defendant destroys or conceals evidence or directs or procures another to destroy or conceal evidence that is material. Id.

§ 3C1.1 cmt. n.4(D).  However, the application note explains that one of those acts alone does not support an enhancement if it occurred contemporaneously with an arrest, unless that act materially hindered the proceeding.  Id.  The classic example of this "contemporaneously" exception to § 3C1.1 is a defendant who tries to swallow or dispose of drugs during an arrest.  Id.  We've also applied this exception to a defendant who, while authorities were searching the ship he was on, hid evidence in his shoe before he was arrested.  United States v. Savard, 964 F.2d 1075, 1078–79 (11th Cir. 1992).  Conversely, we've held that a defendant who hid drugs while at a hospital where she was taken after arrest was not an act done contemporaneous with the arrest.  United States v. Massey, 443 F.3d 814, 820–21 (11th Cir. 2006).

The district court did not clearly err by applying the obstruction-of-justice enhancement.  The district court did not make specific factual findings in support of the enhancement.  However, the record shows that, while being booked into jail, Lee called his girlfriend and told her, "That was a cop. You need to get rid of the papers."  Lee's girlfriend told an agent she thought Lee was referring to a computer.  The agent obtained that computer, which contained Lee's tax return as well as those of several other people.

Lee argues that his arrest extended through the booking process and that his statement was therefore contemporaneous with it.  However, the application note

11

and our precedent indicate that, for conduct to be contemporaneous with arrest, it must be closely confined to when a defendant is taken into custody.  See USSG § 3C1.1 cmt. n.4(D); Massey, 443 F.3d at 820–21; Savard, 964 F.2d at 1078–79. Lee cites no authority holding that an "arrest," for purposes of applying § 3C1.1, encompasses the full booking process.  Lee's call to his girlfriend from jail is more like the concealment of drugs in Massey, 443 F.3d at 820–21, than the concealment of evidence immediately before arrest as in Savard, 964 F.2d at 1078– 79, or the example of swallowing drugs in the commentary.  USSG § 3C1.1 cmt. n.4(D).  The record clearly reflects the basis for the obstruction-of-justice enhancement, and we need not remand for further findings.  Taylor, 88 F.3d at 944.

    **AFFIRMED.**