[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13677
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20722-KMW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DALLAS JEROME WIMS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 1, 2020)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dallas Wims appeals his sentence of 15-years' imprisonment for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Mr. Wims raises two issues on appeal. First, he asserts that the limitations accompanying the First Step Act's creation of the term "serious

drug felony" for sentencing enhancements under the CSA apply also to his ACCA predicate offenses. Second, he argues that his 15-year sentence under the ACCA violates the Eighth Amendment. After a review of the record and the parties' briefs, we affirm the district court's sentence.[1]

## I

In his appeal, the parties' dispute centers around the interpretation of three statutes: the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 et seq.; and the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act"). We summarize the relevant statutes below.

The ACCA provides for sentence enhancements for certain felons who are in unlawful possession of a firearm. Under the ACCA, a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), faces a mandatory minimum 15-year sentence if he has three or more prior convictions for a "violent felony" and/or "serious drug offense." *See* 18 U.S.C. § 924(e)(1). Those offenses, commonly referred to as predicate offenses, are defined in 18 U.S.C. § 924(e)(2). The district court enhanced Mr. Wims' sentence under the ACCA.

The CSA regulates certain substances under federal law, in part by establishing drug offenses and sentencing enhancements. For example, prior to the

---

[1] As we write for the parties, we set out only what is necessary to address Mr. Wims' arguments.

2

promulgation of the First Step Act, under the CSA a person convicted of distributing 280 grams of crack cocaine was subject to a mandatory minimum sentence of 20 years if he had been previously convicted of committing a "felony drug offense." *See* 21 U.S.C. §§ 841(a), (b)(1)(A) (2012). That prior version of the CSA defined the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (2012). Mr. Wims was not convicted of violating, nor was his sentence enhanced under, the CSA.

In 2018, Congress enacted the First Step Act with the goal of reforming the nation's prison and sentencing systems. As relevant here, § 401 of the First Step Act amended the CSA to replace the term "felony drug offense" with the term "serious drug felony." *See* First Step Act § 401(a). *See also* 21 U.S.C. §§ 802(57), 841(b)(1)(A). Under the amended version of the CSA, an offense constitutes a "serious drug felony" if it meets three elements. The first element is a foundational one, defining a "serious drug felony" as an offense described in 18 U.S.C § 924(e)(2)—the provision that defines the ACCA's predicate offenses. *See* 21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2). The latter two elements are limiting elements. For an offense to constitute a "serious drug felony," the offender must have (i) served a term of imprisonment of over a year, and (ii) been released from imprisonment no

3

more than 15 years prior to the commencement of the instant offense. *See* 21 U.S.C. § 802(57). Theoretically, these limiting elements make the application of the CSA's sentencing enhancements less likely.

## II

Mr. Wims pled guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(e). In his plea agreement, Mr. Wims stipulated that the district court was required to impose a statutory minimum 15-year term under the ACCA. The district court accordingly applied the ACCA enhancement and sentenced him to that statutory minimum, based on his prior predicate convictions.

Mr. Wims first argues that because the foundational element of the term "serious drug felony" in the CSA is a reference to the ACCA's predicate offenses, we should read § 401 of First Step Act as having incorporated the two limiting elements of the term "serious drug felony" into the definition of the ACCA predicate offenses. According to Mr. Wims, because his ACCA predicate offenses do not meet either of the two limiting elements, his sentence should not have been enhanced under the ACCA. We disagree.

We review the district court's interpretation of a statute de novo. *See United States v. Zuniga-Arteaga*, 681 F.3d 1220, 1223 (11th Cir. 2012). The starting point of statutory interpretation is "the language of the statute itself," and we consider the specific context in which the language at issue is used and the broader context of the

statute. *Id.* (internal quotation marks omitted). And "[i]f this analysis reveals that the provision has a plain and unambiguous meaning with regard to the particular dispute in the case and the statutory scheme is coherent and consistent, then the inquiry is complete." *Id.* (internal quotation marks omitted).

Mr. Wims' arguments are based solely on policy and lack any analysis of the text of the relevant statutes. And that text is clear: § 401 of the First Step Act replaced the term "felony drug offense" with the term "serious drug felony" in the CSA, *see* First Step Act § 401(a), and left untouched the definitions of the ACCA's predicate offenses. *Compare* 18 U.S.C § 924(e)(2) (2012) *with* 18 U.S.C § 924(e)(2). Both we and the Fourth Circuit have already so held. *See United States v. Smith*, 798 Fed. Appx. 473, 476 (11th Cir. 2020); *United States v. Edwards*, 767 Fed. Appx. 546, 546–47 (4th Cir. 2019).

*Smith* is an unpublished opinion, but we agree with it. Because the First Step Act does not change the definition of the ACCA's predicate offenses, we affirm the district court on this issue.[2]

## III

Mr. Wims argues that his ACCA sentencing enhancement violates the Eight

---

[2] Mr. Wims also argues that we should apply the rule of lenity when construing the First Step Act. But the relevant provisions of the First Step Act, the CSA, and the ACCA are clear and unambiguous. Accordingly, the rule of lenity is inapplicable. *See United States v. Phifer*, 909 F.3d 372, 383–84 (11th Cir. 2018).

Amendment's prohibition on cruel and unusual punishment. According to Mr. Wims, his 15-year sentence under the ACCA is disproportionate because it increased what would otherwise have been 12–18-month sentence for his instant offense based on remote predicate offenses. The government rebuts Mr. Wims' Eighth Amendment argument on the merits, and also asserts that, as a threshold matter, Mr. Wims waived his right to appeal on this ground in his plea agreement. On the issue of the appeal waiver, Mr. Wims responds with various arguments, including that the government waived its right to enforce the appeal waiver by failing to enforce it at the district court, and that Mr. Wims did not agree to the appeal waiver knowing and voluntarily. Mr. Wims' Eighth Amendment argument fails. Assuming that he succeeded in his challenge to the appeal waiver, he loses on the merits.

Mr. Wims raises his Eighth Amendment challenge for the first time on appeal, and so we review it only for plain error. *See United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). Under plain error review we, at our discretion, may correct an error where the defendant demonstrates that (i) an error occurred; (ii) the error was plain; (iii) the error affects substantial rights; and (iv) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05, 1908-09 (2018). In most scenarios, "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lange*, 862 F.3d 1290,

6

1296 (11th Cir. 2017) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)).

Mr. Wims has not identified any precedent that would lead us to conclude that the district court plainly erred in sentencing him to the minimum mandatory under the ACCA. On the other hand, we have upheld even longer sentences under the ACCA. *See United States v. Lyons*, 403 F.3d 1248, 1257 (11th Cir. 2005) (rejecting an Eighth Amendment challenge to a 235-month sentence under the ACCA). Absent the existence of plain error, Mr. Wims' Eighth Amendment challenge fails.

## IV

For the foregoing reasons, we affirm Mr. Wims' sentence of 15 years' imprisonment under the ACCA.

**AFFIRMED.**