[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11318
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00030-RH-WCS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ZEBEDIAH KYLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2011)

Before EDMONDSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Zebediah Kyler appeals his convictions for (1) armed bank robbery, 18 U.S.C. § 2113(a) and (d) (Counts Two and Four); (2) brandishing a firearm during the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) (Counts Three and Five); and (3) money laundering, 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Count Six).  Kyler argues that the district court plainly erred in allowing, without objection, a government expert, Richard Vorder Bruegge ("Bruegge"), to testify, based on a technique called "reverse projection photogrammetry," that the bank robber in the surveillance footage had the same approximate height as Kyler.  After a thorough review of the record and the parties' briefs, we affirm.

We normally review a district court's decision to admit expert testimony for an abuse of discretion.  United States v. Brown, 415 F.3d 1257, 1264–65 (11th Cir. 2005).  "However, it is well-settled that where, as here, a defendant fails to preserve an evidentiary ruling by contemporaneously objecting, our review is only for plain error."  United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007).  "To demonstrate plain error, the defendant must show that there is (1) error, (2) that is plain and (3) that affects substantial rights."  Id. at 1276 (quotation marks omitted).  We have the discretion to remedy such errors only if they seriously affect the fairness, integrity, or public reputation of judicial proceedings.  Id.  "Errors do affect a substantial right of a party if they have a 'substantial influence'

on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case." Id. (quotation marks omitted). "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

Kyler argues that the district court neglected to scrutinize Bruegge's expert testimony as required by Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993). Under Federal Rule of Evidence 702, expert testimony is admissible if (1) the expert is qualified to testify regarding the subject matter of his testimony; (2) the methodology that the expert used to reach his conclusion is "sufficiently reliable as determined by the sort of inquiry mandated in Daubert"; and (3) the expert's testimony will assist the trier of fact in understanding the evidence or in determining a fact at issue. United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc) (quotation marks omitted). Before permitting an expert to testify, Daubert requires the district court to make a preliminary determination as to whether the expert's methodology is reliable. Brown, 415 F.3d at 1266. We have recognized a non-exclusive list of factors for the district court to consider in conducting the Daubert analysis:

(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community.

Frazier, 387 F.3d at 1262 (quotation marks omitted). But these factors are only general guidelines, and the trial judge has "considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176 (1999).

Kyler fails to establish plain error because he points to no case of this Court or the Supreme Court rejecting reverse projection photogrammetry as not sufficiently reliable under Daubert. See Lejarde-Rada, 319 F.3d at 1291. To the contrary, while this Court has never addressed the reliability of reverse projection photogrammetry in a published case, the Ninth Circuit has upheld the admission of expert testimony based on photogrammetry as sufficiently reliable under Daubert. United States v. Quinn, 18 F.3d 1461, 1464–65 (9th Cir. 1994). To the extent that Kyler argues that the district court plainly erred in failing to hold a Daubert hearing sua sponte, we note that although "a district court abuses its discretion where it fails to act as a gatekeeper," Brown, 415 F.3d at 1266, a formal Daubert hearing is not required in every case, United States v. Hansen, 262 F.3d 1217,

4

1234 (11th Cir. 2001) ("<u>Daubert</u> hearings are not required, but may be helpful in complicated cases involving multiple expert witnesses." (quotation marks omitted)). The district court therefore did not plainly err in concluding that Bruegge's testimony was admissible under Rule 702.

Kyler also argues that Bruegge's testimony should have been excluded under Federal Rule of Evidence 403 because its probative value was outweighed by the danger of unfair prejudice and confusion. Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." In this case, Bruegge testified that the robber was "[s]lightly above" 5 feet 10 and a half inches or 5 feet 11 inches in height, which was consistent with Kyler's height of six feet. Because one of the central issues at trial involved the identity of the bank robber, we cannot say that the district court plainly erred in concluding that any prejudicial impact of Bruegge's testimony did not substantially outweigh its probative value under Rule 403.

Finally, Kyler asserts that Bruegge's testimony invaded the province of the jury. Kyler fails, however, to offer any explanation or argument in support of this contention in his brief. We therefore conclude that Kyler has abandoned this claim. <u>See</u> <u>United States v. Cunningham</u>, 161 F.3d 1343, 1344 (11th Cir. 1998)

(finding that the defendant abandoned an issue by "offer[ing] no argument on th[e] issue on appeal").

For all of these reasons, we affirm Kyler's convictions.

**AFFIRMED.**