[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

No. 11-13447
Non-Argument Calendar

_____

D.C. Docket No. 2:08-cr-00164-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARQUIS DISHON YOUNG,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 27, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Marquis Dishon Young appeals from his total 138-month sentence imposed

after he pleaded guilty to possession of cocaine with intent to distribute near a school,

in violation of 21 U.S.C. §§ 860(a); 841(a)(1), (b)(1)(C); brandishing a short-barrel shotgun in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (c)(1)(B)(i); and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d), 5871. On appeal, Young argues that: (1) his sentence was substantively unreasonable because the district court failed to take into account his long-term mental-health issues; and (2) the district court impermissibly double counted sentencing enhancements for the use of a short-barreled shotgun in two of the counts of conviction. After careful review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)). We generally review double-counting arguments de novo. United States v. Suarez, 601 F.3d 1202, 1220 (11th Cir.), cert. denied, 131 S.Ct. 393 (2010). However, we are limited to review for plain error when, as here, an appellant did not clearly state the grounds for an objection in district court. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). A plain error is: (1) an error; (2) that is plain; and (3) affects substantial rights; but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Unless the explicit language of a statute or rule specifically resolves an issue, "there can be no plain error

where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

For starters, we reject Young's claim that his sentence is unreasonable. In reviewing sentences for reasonableness, we typically perform two steps. Pugh, 515 F.3d at 1189. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Id. (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[W]e will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor ... as long as the sentence ultimately

3

imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted), cert. denied, 131 S.Ct. 2962 (2011). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted), cert. denied, 131 S. Ct. 1813 (2011). The party challenging the sentence carries the burden of establishing unreasonableness. Talley, 431 F.3d at 788.

Here, Young has failed to demonstrate the district court made a clear error of judgment in imposing its sentence. As the record shows, the extent of the downward variance appropriately took into account Young's mental-health issues, and the fact that his criminal record contained several juvenile adjudications. The court was not required to give any additional weight to these factors at the expense of others. In light of his criminal history, the sentence promotes deterrence, while adequately

taking into account the particulars of his personal history. See 18 U.S.C. § 3553(a)(2). Therefore, Young's sentence was not substantively unreasonable.[1]

Nor are we persuaded that the district court plainly erred in double-counting his sentencing enhancement. A two-part test determines when the double counting of an offense characteristic is permissible. The Sentencing Commission must have intended the characteristic be counted twice, and the two provisions must deal with conceptually separate sentencing notions. United States v. Rendon, 354 F.3d 1320, 1333 (11th Cir. 2003). We presume the Commission intended the characteristic be counted twice unless otherwise specified. Id.

Here, the separate provisions concerning the use of a short barreled shotgun meet the test outlined in Rendon. There is no apparent evidence that the sentencing commission did not intend to have the nature of the weapon taken into account twice, nor does Young suggest any. Further, the enhancements punish two distinct acts. U.S.S.G. § 2K2.1 punishes the possession of the particular type of weapon. 18 U.S.C. § 924(c)(1)(B)(i) punishes its use to further a drug trafficking offense or crime of violence. Therefore, the district court's separate application of the two provisions did not amount to error, much less plain error.

---

[1] Young does not argue that his sentence was procedurally unreasonable, and therefore, has waived that issue on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (holding that issues not raised in an initial brief on appeal are deemed abandoned).

**AFFIRMED.**