[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2012
JOHN LEY
CLERK

No. 11-10456
Non-Argument Calendar
_____

D.C. Docket No. 8:09-cr-00484-VMC-MAP-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICE JEFFERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Maurice Jefferson appeals his conviction and 151-month sentence, imposed after he pled guilty to one count of conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. §§ 846, 841. On appeal, Jefferson argues: (1) he should be allowed to withdraw his plea, (2) he does not qualify for the career offender enhancement, and (3) the career offender enhancement's residual clause is unconstitutionally vague. After review, we affirm Jefferson's conviction and sentence.

I.

Jefferson argues, for the first time on appeal, that the magistrate judge failed to adequately explain the elements of the underlying offense of possession with intent to distribute heroin. He claims the magistrate judge's error goes to one of the core concerns of Rule 11 and constitutes plain error, such that he should be allowed to withdraw his plea.

Jefferson fails to demonstrate plain error. No binding precedent establishes that a magistrate judge's failure to describe the underlying offense in a conspiracy charge beyond reading the plea agreement and elements of the offense constitutes plain error. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (stating there can be no plain error where there is no binding precedent in this Court or the Supreme Court directly resolving the issue). In fact, we have

2

previously held that "[i]n a conspiracy, however, neither actual possession nor actual distribution is a necessary element of the crime." *United States v. Diaz*, 190 F.3d 1247, 1253 (11th Cir. 1999).

## II.

Jefferson next argues that Fla. Stat. § 843.01 does not constitute a "crime of violence" for purposes of U.S.S.G. § 4B1.2's residual clause. He concedes *United States v. Nix*, 628 F.3d 1341 (11th Cir. 2010), *cert. denied*, 132 S. Ct. 258 (2011), held that § 843.01 constituted a violent felony under the ACCA's residual clause, but contends that *Sykes v. United States*, __ U.S. __, 131 S. Ct. 2267 (2011), has abrogated *Nix*.

In *Nix*, we held that a defendant's conviction for a violation of § 843.01 constituted a violent felony under the ACCA's residual clause. *Nix*, 628 F.3d at 1342.[1] We are bound by our decision in *Nix* because it has not been overruled or abrogated by the Supreme Court or by this Court sitting *en banc*. *See United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("To constitute an 'overruling' for the purposes of this prior panel precedent rule, the Supreme Court

---

[1]   The definition of a "crime of violence" under § 4B1.2(a) is "virtually identical" to the definition of a "violent felony" in the ACCA, and we apply a similar analysis in deciding whether a given offense qualifies as a crime of violence or a violent felony. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 1783 (2011).

3

decision 'must be clearly on point.'"). Further, though Jefferson advances arguments as to why *Sykes* abrogates *Nix*, *Sykes* is not clearly on point and does not directly overrule or abrogate *Nix*. *See Sykes*, 131 S. Ct. at 2270-77 (holding that an Indiana offense of felony vehicle flight constituted a violent felony for the purposes of the ACCA).

### III.

Jefferson argues, for the first time on appeal, that the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague, relying on Justice Scalia's dissenting opinion in *Sykes*. However, Jefferson does not offer any controlling case in this Court or the Supreme Court which establishes that the residual clause of § 4B1.2(a)(2) is void for vagueness. As a result, Jefferson fails to show that application of the residual clause was plain error. *See Lejarde-Rada*, 319 F.3d at 1291.

**AFFIRMED.**