[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10495
Non-Argument Calendar

_____

D.C. Docket No. 1:04-cr-20250-DLG-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS BACHYNSKY,
a.k.a. Reporter Doe,
a.k.a. Nick,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 23, 2013)

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Nicholas Bachynsky appeals the district court's denial of his motion for a new trial based on newly discovered evidence. After careful review, we vacate and remand for the limited purpose of considering whether some of the evidence Bachynsky submitted warrants a new trial.

In 2008, Bachynsky was convicted of wire fraud, securities fraud, and conspiracy to commit securities fraud, all in violation of 18 U.S.C. §§ 371 and 1343 and 15 U.S.C. § 78j(b). Bachynsky and Richard Anders, Bachynsky's co-conspirator, established Helvetia Pharmaceuticals in 2001, purportedly to research and develop a new cancer treatment. The trial evidence revealed that Bachynsky and Anders solicited investors in Helvetia by misrepresenting the status of Bachynsky's medical license, the success of medical trials of the treatment, and the ownership of medical technology, as well as by failing to disclose to investors that both Bachynsky and Anders had prior criminal convictions.

At trial, Bachynsky argued that Anders was solely responsible for defrauding the investors and that his own involvement in Helvetia was limited to the medical side of the company. But the jury heard testimony from Ralph Klein, a Helvetia investor who stated that he spoke at length with Bachynsky in connection with his decision to invest in the company. Ultimately, two of the wire fraud counts on which Bachynsky was convicted stemmed from transactions involving Klein. Bachynsky appealed, arguing the trial evidence was insufficient to sustain a

2

conspiracy conviction, and a panel of this court affirmed. *United States v. Bachynsky*, 415 F. App'x 167 (11th Cir. 2011) (unpublished).

In 2009, Bachynsky filed a motion for a new trial based on newly discovered evidence. In support, he submitted five affidavits from inmates who were incarcerated with Anders. The inmates separately stated that Anders told them Bachynsky was not involved in defrauding Helvetia investors and had no knowledge of Anders's fraud. The district court held an evidentiary hearing, at which Anders testified. Anders denied making the statements in the affidavits, but testified that Bachynsky had never spoken to Klein, that Bachynsky only spoke to investors on a few occasions, and that he and Bachynsky never formally agreed to defraud Helvetia investors but rather the scheme "developed into what it was" over time.

After the hearing, Bachynsky filed a supplemental memorandum arguing that the inmates' affidavits and Anders's testimony constituted grounds for a new trial based on newly discovered evidence. The district court denied the motion. This is Bachynsky's appeal.

We review the district court's denial of a motion for a new trial based on newly discovered evidence for an abuse of discretion. *United States v. Vallejo*, 297 F.3d 1154, 1163 (11th Cir. 2002). To succeed on such a motion, the defendant must establish:

3

(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir. 1999). Where the evidence is inadmissible, it cannot form the basis of the motion because it would not probably produce a different result at a new trial. *United States v. Jernigan*, 341 F.3d 1273, 1287-88 (11th Cir. 2003).

Bachynsky asserts that both Anders's testimony and the inmates' affidavits constitute newly discovered evidence that provides a basis for a new trial. We first examine whether the inmates' affidavits warrant a new trial. Before the district court, Bachynsky asserted that the affidavits were admissible under the residual exception to the hearsay rule. *See* Fed. R. Evid. 807. But on appeal, he has abandoned this argument by failing to raise it in his initial brief. *See United States v. Magluta*, 418 F.3d 1166, 1185-86 (11th Cir. 2005). Instead, he advances two new arguments supporting the admissibility of the affidavits: (1) that they would not be offered to prove the truth of the matter asserted, but instead to show Anders's state of mind regarding Bachynsky's involvement in the conspiracy; and (2) that they are admissible prior inconsistent statements. Because Bachynsky did not raise the arguments before the district court, we review only for plain error. *United States v. Naranjo*, 634 F.3d 1198, 1206-07 (11th Cir. 2011). "It is the law

4

of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Bachynsky has not demonstrated that the district court plainly erred in concluding that the statements would not be admissible at a new trial and therefore could not produce a different result. He cites no case law directly supporting the admissibility of the affidavits under the hearsay exceptions he cites. Therefore, he has not met his burden of demonstrating that the district court plainly erred in failing to grant a new trial based on the inmates' affidavits. *See id.*

Bachynsky also asserts that the district court should have granted his motion for a new trial on the basis of Anders's testimony. Although Bachynsky presented this argument to the district court, the court did not discuss Anders's testimony at all in its order denying the motion for a new trial and provided no reasons why the testimony did not satisfy the requirements for a new trial. We therefore cannot determine whether the district court properly exercised its discretion. *See United States v. Cruz*, 611 F.3d 880, 887 (11th Cir. 2010). Accordingly, we **VACATE** the district court's order denying Bachynsky's motion for a new trial and **REMAND** for the purpose of reconsidering whether Bachynsky is entitled to a new trial, but only with respect to Anders's evidentiary hearing testimony.

**VACATED AND REMANDED.**