[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11016
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60215-RSR-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JOSEPH KARPINEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2014)

Before TJOFLAT, JORDAN, and HILL, Circuit Judges.

PER CURIAM:

Robert Karpinen appeals his sentence of 57 months' imprisonment, imposed

after he pleaded guilty to bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2.

On appeal, Karpinen argues that the district court plainly erred by assigning him 2 criminal history points based on a Florida burglary conviction for which Karpinen received a sentence of 2 years' drug offender probation and 70 days' imprisonment with 70 days' credit for time served.

We review objections to the district court's sentencing calculation raised for the first time on appeal for plain error. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). Plain error requires that (1) there is error, (2) the error is plain, (3) the error affects substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 831-32. We have stated that "[i]t is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Undisputed facts in the presentence investigation report ("PSI") are deemed admitted for sentencing purposes unless a party objects to them before the sentencing court. *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009). "It is the law of this [C]ircuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes." *Id.*

2

Pursuant to U.S.S.G. § 4A1.1(a), when calculating a defendant's criminal history point total, three criminal history points are added for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). Under § 4A1.1(b), 2 points are added for each sentence of imprisonment of at least 60 days not counted in subsection (a), and 1 point is added under § 4A1.1(c) for each prior sentence not counted in subsections (a) or (b). *Id.* § 4A1.1(b), (c). A maximum of four points may be counted under subsection (c). *Id.* § 4A1.1(c). "Sentence of imprisonment" is defined as a sentence of incarceration that refers to the maximum sentence imposed. *Id.* § 4A1.2(b)(1). "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such a sentence . . . ." *Id.* § 4A1.2, comment. (n.2). "A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least [60] days was imposed." *Id.* "Federal law, not state law, controls the application of the Sentencing Guidelines." *United States v. Madera-Madera*, 333 F.3d 1228, 1231 n.2 (11th Cir. 2003).

Because Karpinen did not object to his criminal history calculation in the district court, we review his claim only for plain error. *See Bennett*, 472 F.3d at 831.

Karpinen fails to show that the district court plainly erred by assigning him two criminal history points for his Florida burglary conviction. The statements in

3

the PSI, to which Karpinen did not object, indicated that he received a sentence of 2 years' drug offender probation and 70 days' imprisonment with credit for 70 days' time served.  On appeal, Karpinen does not dispute that he received a sentence of 70 days' imprisonment with credit for 70 days' time served, instead arguing that this sentence does not constitute a sentence of imprisonment under Florida law.  Karpinen fails to establish plain error because he provides no case on point or unambiguous language of the sentencing guidelines establishing that a sentence of probation and 70 days' imprisonment with credit for 70 days' time served does not receive 2 criminal history points under § 4A1.1(b).  *See Lejarde-Rada*, 319 F.3d at 1291.  His arguments regarding how the sentence is considered under Florida law are misplaced, because federal law, not state law, governs our interpretation of the sentencing guidelines, and Karpinen identifies no federal law addressing this point.  *See Madera-Madera*, 333 F.3d at 1231 n.2.  Thus, it was not plain error for the district court to assign him two criminal history points.  Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1]  Because Karpinen fails to establish plain error even without supplementation of the record, the government's motion to supplement the record on appeal and take judicial notice is **DENIED** as unnecessary.