[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12302
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00084-JSM-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACY DARNELL MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2018)

Before WILLIAM PRYOR, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Stacy Mitchell appeals his convictions and sentence of 109 months of imprisonment for theft of government property, 18 U.S.C. § 641, and for theft of mail, *id.* § 1708. Mitchell challenges his convictions, for the first time on appeal, on the ground that they violate the Double Jeopardy Clause of the Fifth Amendment. Mitchell also challenges the enhancement of his sentence as a leader or organizer of a scheme to sell stolen Social Security checks. *See* United States Sentencing Guidelines Manual § 3B1.1(a) (Nov. 2016). We affirm.

Mitchell acknowledges that he did not argue in the district court that his convictions violate the Double Jeopardy Clause, so we review his argument for plain error. *See United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016). An error is not plain "where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Mitchell cannot establish any plain error, under the Double Jeopardy Clause, in his convictions for theft of government property and for theft of mail. Mitchell's offenses "constitute[] a violation of two distinct statutory provisions" that can be cumulatively punished because "each provision requires proof of an additional fact which the other does not." *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). Mitchell's conviction for theft of government property required proof that he stole or knowingly converted to his use Social Security checks that were

2

property of the United States, *see* 18 U.S.C. § 641, whereas his conviction for theft of mail required proof that he stole or obtained mail that he knew had been stolen from a post office or station, *see id.* § 1708. And Mitchell identifies no binding precedent holding that the Double Jeopardy Clause bars concurrent convictions under sections 641 and 1708. *See Lejarde-Rada*, 319 F.3d at 1291.

The district court also committed no clear error in finding that Mitchell led or organized the scheme to steal and sell social security checks. A defendant is subject to a four-level increase in his offense level if he "was an organizer or leader of a criminal activity" that involved five or more participants or was otherwise extensive. U.S.S.G. § 3B1.1(a). Mitchell, a mail handler at a United States Post Office, profited from stealing social security checks from the mail. Richard Anderson learned of the scheme when one of Mitchell's cohorts paid Anderson $150 each time that he had a third person cash a stolen check. Later, Mitchell used Anderson as a distributor, and Anderson sold stolen checks to a group of 15 to 20 persons. Beginning in March 2012, Mitchell would call Anderson near the end of the month, bring Anderson a stack of checks, collect the sales proceeds from Anderson at his house, and give Anderson an amount that equaled 15 percent of the face value of the checks, which usually totaled between $300 and $500. In October 2012, Mitchell ended the relationship after Anderson's recruit, Alphonso Guice, was discovered in possession more than $200,000 of stolen social security

3

checks. Mitchell stole the checks, controlled their dispersal, recruited distributors to sell the checks, and received the bulk of the profits. *See id.* § 3B1.1 cmt. n.4. Mitchell qualified as the leader or organizer of the scheme.

We **AFFIRM** Mitchell's convictions and sentence.