[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12806
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20818-PCH-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANIS BLEMUR,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2020)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to several counts of wire fraud, money laundering, and aggravated identity theft, Anis Blemur appeals his supervised release sentence, on the grounds that the district court imposed a 5-year term of supervised release, which exceeded the applicable statutory maximum term of 3 years. After carefully reviewing the record, we agree. We vacate Blemur's sentences on his wire fraud and money laundering counts and remand to the district court for resentencing on both counts.

Because both parties agree that the district court plainly erred by sentencing Blemur to five years of supervised release, and because we write only for the benefit of the parties, we do not recount the facts in detail. Instead, it suffices to note the following. Following a grand jury indictment—which alleged 13 counts of wire fraud, money laundering, possessing 15 or more unauthorized access devices, and aggravated identity theft—Blemur pleaded guilty to one count each of wire fraud, money laundering, and aggravated identity theft. Blemur's plea agreement specifically provided that the counts for wire fraud and money laundering could allow the district court to impose a term of supervised release of up to three years.

At the sentencing hearing following Blemur's guilty plea, the probation officer calculated Blemur's guidelines range to be a 78–97 month prison term, followed by a mandatory consecutive 24-month for his aggravated identity theft

2

conviction, and that the maximum term of supervised release for the wire fraud and money laundering convictions was three years. The district court extended an offer to Blemur—it would vary down from the guidelines with a 68-month prison term if Blemur would agree, as a special condition of supervised release, to serve 12 months of home confinement and perform 1,400 hours of community service. Blemur agreed. The district court subsequently imposed a 68-month prison term, with that condition, and also a 5-year term of supervised release. We note that the district court questioned the probation officer as to whether the maximum term of supervised release for the aforementioned convictions was three or five years, and the probation officer replied, incorrectly, that it was five years. Blemur timely appealed to us.

We review the legality of a sentence *de novo*, *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007), but review for plain error a sentencing challenge raised for the first time on appeal, *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). To succeed on plain-error review, the party must show that: (1) an error occurred; (2) the error was plain; (3) the error affected his substantial rights; and (4) the failure to correct the error would seriously affect the fairness of the judicial proceeding. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1290 (11th Cir. 2003). For an error to be "plain," it must be contrary to the applicable statute, rule, or on-point precedent. *Id.* at 1291. And for an error to affect substantial

3

rights, it must have been prejudicial, affecting the outcome of the district court proceedings. *United States v. Olano*, 507 U.S. 725, 732–36 (1993).

As a threshold matter, we note that the government concedes that the district court plainly erred in imposing a 5-year term of supervised release. Of course, we have the duty to independently satisfy ourselves of the merits of the parties' arguments, concessions notwithstanding. But our review persuades us that this is correct. The maximum terms of imprisonment for wire fraud and money laundering are less than 25 years but more than 10 years, *see* 18 U.S.C. §§ 1343, 1957, which makes them Class C felonies, *see id.* § 3559(a)(3), and therefore, the maximum term of supervised release can be no longer than 3 years, *see id.* § 3559(b)(2). We therefore conclude that the district court, by imposing an unlawful sentence under the applicable statute, plainly erred.[1]

Accordingly, we vacate Blemur's sentence with respect to his wire fraud and money laundering convictions and remand to the district court for resentencing.

**VACATED and REMANDED.**

---

[1] We note that Blemur's plea agreement contains a waiver of his right to appeal. However, the five-year supervised release aspect of the sentence falls squarely within the exception to the appeal waiver for sentences imposed above the statutory maximum and thus the appeal waiver does not bar Blemur's appeal.