[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12194

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

*versus*

TRAVIS JACOB VANCE,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00476-JSM-AAS-1

_____

Before WILSON, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Travis Vance appeals his convictions for receipt, distribution, and possession of child pornography.  Vance argues that the district court erred (1) in holding a hearing on his motion to suppress without his presence, and (2) in denying his motion to suppress because he was detained in violation of the Fourth Amendment.  Last, Vance argues that there was insufficient evidence that he knowingly received, distributed, and possessed child pornography.  After careful review, we **AFFIRM** Vance's convictions.

## I.

Because Vance did not object to his absence from the suppression hearing in the district court, we review only for plain error.  *United States v. Downs*, 61 F.4th 1306, 1314 (11th Cir. 2023).  On plain-error review, we can reverse only if: (1) there was an error; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings.  *Id.*  "Plain" means contrary to the applicable statute, rule, or on-point precedent from the Supreme Court or this circuit.  *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

Federal Rule of Criminal Procedure 43(a) provides that a defendant must be present for three pretrial events—the initial appearance, the initial arraignment, and the plea; every trial stage;

and sentencing.  A defendant need not be present for any "conference or hearing on a question of law." Fed. R. Crim. P. 43(b)(3).

Here, Vance argues that the suppression hearing involved more than just a question of law; it also involved a factual dispute about the consensual nature of his encounter with the Homeland Security Investigations officers who came to his house to execute the search warrant.  However, the transcript from the suppression hearing shows that the only question the district court considered at the hearing—which lasted less than five minutes—was whether Vance was under custodial interrogation.  The district judge asked Vance's counsel at the beginning of the hearing whether he agreed that the excerpts of dialogue between Vance and the officers, which the government had attached to its response filing, were accurate.  Vance's counsel responded yes.  At no point did Vance's counsel request an evidentiary hearing or contest any of the facts.  Thus, there were no factual questions before the district court—only a legal question—so Vance's presence at the suppression hearing was not required under Federal Rule of Criminal Procedure 43(b)(3).[1]

---

[1] Even if Vance's presence was required and the district court erred by holding the hearing without him, there was no plain error because the district court did not contravene any applicable statutes, rules, or on-point precedent. *See Lejarde-Rada*, 319 F.3d at 1291.  There is no precedent from the Supreme Court or our circuit specifically addressing whether a defendant's presence is required at a pretrial suppression hearing.  But we have addressed the defendant's presence at other pretrial proceedings. *See, e.g., United States v. Pepe*, 747 F.2d 632, 653 (11th Cir. 1984) (finding that a defendant had no right under Rule 43 to be present at a pretrial *James* (*United States v. James*, 590 F.2d 575

In sum, the district court did not plainly err in holding a hearing on Vance's motion to suppress without his presence because the hearing only involved a question of law.

## II.

Vance argues for the first time on appeal that the district court erred in denying his motion to suppress because he was detained during the search of his home in violation of the Fourth Amendment. Where a party claims an error for the first time on appeal, we review for plain error and will only reverse if the plain error "amount[ed] to a miscarriage of justice seriously affecting the fairness, integrity, or public reputation of the proceeding." *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990).

The Supreme Court has held that a warrant to search for contraband carries with it the implied, limited authority to detain the occupants of the premises while the search is conducted. *Michigan v. Summers*, 452 U.S. 692, 705 (1981). A limited seizure is justified to prevent the occupant's flight, to minimize the risk of harm to officers and the occupant, and to facilitate the orderly completion of the search. *Id.* at 702–03. A search warrant provides an "objective justification for the detention" because a neutral magistrate has found probable cause to believe a crime is being committed in the home. *Id.* at 703. Reasonable force can be used to effectuate the detention. *Muehler v. Mena*, 544 U.S. 93, 98–99 (2005)

(5th Cir. 1979) (en banc)) hearing to determine the admissibility of certain evidence the government intended to offer).

(holding law enforcement acted reasonably by detaining suspect and non-suspect occupants of residence in handcuffs for up to three hours).

Here, the officers detained Vance in a police car in handcuffs while they searched his residence pursuant to a search warrant. While Vance was in the police car, the officers interviewed him for about four hours. Vance argues that his encounter with the officers was not consensual and constituted a seizure in violation of the Fourth Amendment. Vance's argument fails because the officers had a warrant supported by probable cause to search his home for contraband, therefore they had the limited authority to detain him while the search was being conducted. *Summers*, 452 U.S. at 705. His detention was objectively justified by the search warrant, *id.* at 703, and the officers were permitted to use reasonable force to effectuate the detention, *Muehler*, 544 U.S. at 98–99. Thus, Vance's limited detention during the search of his home was reasonable under the Fourth Amendment.

Accordingly, we find that the district court did not plainly err in denying Vance's motion to suppress because his detention by law enforcement during the execution of the search warrant was lawful under the Fourth Amendment.

## III.

Finally, Vance argues that there was insufficient evidence to support that he knowingly received, distributed, and possessed child pornography. We review the sufficiency of the evidence to support a conviction de novo, "viewing all the evidence in the light

most favorable to the government and drawing all reasonable in-ferences and credibility choices in favor of the jury's verdict." *United States v. Grzybowicz*, 747 F.3d 1296, 1304 (11th Cir. 2014).

The test for sufficiency of evidence is identical for direct and circumstantial evidence, "and no distinction is to be made between the weight given to either direct or circumstantial evidence." *United States v. Mieres-Borges*, 919 F.2d 652, 656–57 (11th Cir. 1990). Proof of an element of a crime "may be established through cir-cumstantial evidence or from inferences drawn from the conduct of an individual." *See United States v. Utter*, 97 F.3d 509, 512 (11th Cir. 1996). Credibility determinations are left to the jury. *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (per curiam). We do not disturb a guilty verdict unless the evidence in the record demonstrates that no trier of fact could have found guilt beyond a reasonable doubt. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). "[I]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly incon-sistent with every conclusion except that of guilt, provided a rea-sonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Vera*, 701 F.2d 1349, 1357 (11th Cir. 1983).

Vance was convicted of receipt, distribution, and possession of child pornography under 18 U.S.C. § 2252. To convict Vance for receipt of child pornography, the government must prove that Vance "knowingly receive[d]" child pornography "using any

means or facility of interstate or foreign commerce . . . including by computer." 18 U.S.C. § 2252(a)(2).

To convict Vance for distribution of child pornography, the government must prove that Vance knowingly distributed images of a minor depicting the minor engaging in sexually explicit conduct using a facility of interstate or foreign commerce. 18 U.S.C. § 2252(a)(2).

To convict Vance for possession of child pornography, the government must prove that Vance "knowingly possesse[d]" child pornography. 18 U.S.C. § 2252(a)(4)(B). To satisfy the knowledge element, the government must prove Vance knew the files in question contained a visual depiction of minors engaging in sexually explicit conduct. *United States v. Alfaro-Moncada*, 607 F.3d 720, 733 (11th Cir. 2010). Possession is the act or condition of having in one's control, taking into one's control, or holding at one's disposal. *United States v. Woods*, 684 F.3d 1045, 1059 (11th Cir. 2012) (per curiam).

Here, there was ample evidence for a reasonable jury to conclude that Vance knowingly received child pornography. The government presented the jury with evidence that on July 6, 2016, a Kik Messenger account associated with Vance had sent and received image files containing child pornography with another Kik user. Several devices in Vance's possession, which law enforcement searched pursuant to the search warrant, contained in total about 2,300 images and 327 videos of child pornography. Vance either provided the swipe passcodes to access the devices, or the

officers found the devices in the home near Vance's other posses-sions (such as his medications). This was sufficient evidence for the jury to conclude that Vance knowingly received child pornogra-phy. *United States v. Pruitt*, 638 F.3d 763, 766 (11th Cir. 2011) (per curiam) (stating that a person knowingly receives child pornogra-phy when he "intentionally views, acquires, or accepts child por-nography on a computer from an outside source").

There was also sufficient evidence to support the distribu-tion conviction. As stated above, the government presented evi-dence that a Kik account associated with Vance had exchanged child pornography with another Kik user. During his interview with the officers, Vance stated that it was "beyond him" and that he "could not fathom" how many times he had sent child pornog-raphy but that it was "more than once." In light of the govern-ment's evidence, the jury could reasonably conclude that Vance knew he was sharing files containing child pornography. *See United States v. Carroll*, 886 F.3d 1347, 1353 (11th Cir. 2018). There was sufficient evidence for the jury to convict Vance of knowingly dis-tributing child pornography.

Finally, there was sufficient evidence to support Vance's conviction for possession of child pornography. Possession is a lesser included offense of the receipt crime, so receipt of child por-nography necessarily proves possession of child pornography. *Woods*, 684 F.3d at 1058. Because the government provided suffi-cient evidence for the jury to conclude that Vance knowingly

received child pornography, the jury could also conclude based on that evidence that he knowingly possessed child pornography.

Vance argues that the government's case is largely based on circumstantial evidence, and that the government did not disprove that other third parties had access to or even owned some of the devices containing child pornography that were obtained during the search. Specifically, Vance testified at trial and attempted to blame his ex-girlfriends for putting the child pornography on the devices. Despite Vance's attempt to blame others, the jury's verdict indicates that they did not believe him. Vance's argument as to the government's circumstantial evidence fails because, given all the evidence presented at trial, the jury could reasonably infer that he committed the offenses. *See United States v. Mendez*, 528 F.3d 811, 814 (11th Cir. 2008) (per curiam) ("When the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction."). Moreover, the jury's disbelief of Vance's testimony could be considered as substantive evidence of his guilt, especially since Vance's knowledge that he committed the crimes is a highly subjective element. *See United States v. Brown*, 53 F.3d 312, 314–15 (11th Cir. 1995).

Viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict, *Grzybowicz*, 747 F.3d at 1304, we find there was sufficient evidence to support Vance's convictions. Accordingly, we affirm.

**AFFIRMED.**