[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13969

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KIONNATAYA SHEVIL REED,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20274-RNS-1

_____

Before JILL PRYOR, BRASHER, and KIDD, Circuit Judges.

PER CURIAM:

Kionnataya Shevil Reed appeals his convictions under 18 U.S.C. § 922(g) and (o) for possessing a firearm as a convicted felon and possessing a machine gun. For the first time on appeal, Reed argues that (1) § 922(g)(1) and (o) are unconstitutional both facially and as applied, under the Second Amendment, and (2) the jury rendered an impermissible general verdict as to the § 922(o) count because the statute's definition of "machine gun" is void for vagueness. The government, in turn, moves for summary affirmance and asserts that Reed's unpreserved constitutional claims cannot succeed under plain error review. We agree.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Generally, we review the constitutionality of a statute *de novo*. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, because Reed raises the instant constitutional challenges for the first time on appeal, we review only for plain error. *Id.* To prevail under this standard, Reed must show that "(1) there was an error, (2) the error was plain or obvious, (3) the error affected [his]

substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Anderson*, 1 F.4th 1244, 1268–69 (11th Cir. 2021).

Here, the government's position that Reed cannot show plain error as to any of his claims on appeal is correct as a matter of law. *Davis*, 406 F.2d at 1162. "It is the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)).

Reed has not pointed to any decision from this Court or the Supreme Court holding that either § 922(g)(1) or (o) are unconstitutional under the Second Amendment, either facially or as applied to him, or that § 922(o) is unconstitutionally vague such that the district court's use of the statutory definition in its jury instruction was improper. *See United States v. White*, 837 F.3d 1225, 1230 (11th Cir. 2016) ("Binding circuit precedent can only be overruled by a Supreme Court decision that is 'clearly on point.'"). Thus, there is no substantial question as to the outcome of this appeal under plain-error review. *Morales*, 987 F.3d at 976; *Davis*, 406 F.2d at 1162.

Accordingly, the government's motion for summary affirmance is **GRANTED** and Reed's convictions are **AFFIRMED**.