**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12810

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LENNARD RASHARD MONROE,
a.k.a. Lennard Monroe,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00046-SDM-CPT-1

_____

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Lennard Monroe appeals his sentence of 240 months' imprisonment for (1) possessing a controlled substance with intent to

distribute it; (2) conspiring to possess a controlled substance with intent to distribute it; and (3) possessing a firearm as a felon.  Monroe argues that the district court clearly erred in calculating his guideline sentence by enhancing it for managing or supervising criminal activity under U.S.S.G. § 3B1.1(b).  Specifically, Monroe contends that the district court erred in applying the three-level managerial enhancement because his criminal activity involved less than five participants and was not otherwise extensive.

We review the district court's determination that an individual was a "participant" under § 3B1.1 *de novo*, but we review underlying factual findings for clear error.  *United States v. Williams*, 527 F.3d 1235, 1249 (11th Cir. 2008).  We will not disturb the district court's factual findings unless we are left with a definite and firm conviction that the district court erred.  *United States v. Sosa*, 777 F.3d 1279, 1300 (11th Cir. 2015).  However, when a party raises an issue on appeal that it did not present to the district court, we review that issue only for plain error.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  "If a defendant fails to *clearly* articulate a specific objection during sentencing, the objection is waived on appeal."  *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003).

To establish plain error, a defendant must show that (1) there was an error, (2) the error was plain, and (3) the error affected his substantial rights.  *United States v. Roosevelt Coats*, 8 F.4th 1228, 1235 (11th Cir. 2021).  "If these three conditions are met, we have discretion to recognize an unpreserved error but only if (4) the

error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Id*. (quotation marks omitted). "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error" unless we or the Supreme Court have directly resolved it. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

The sentencing guidelines authorize a district court to apply a three-level enhancement to a defendant's base offense level if "the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). We have never directly stated whether a person can participate in criminal activity by committing an offense before the defendant's charged conduct started. However, we have held that, "in deciding whether individuals were participants in the criminal activity, the court must consider, in addition to the criminal act itself, the individuals' involvement in the events *surrounding the criminal act*." *United States v. Holland*, 22 F.3d 1040, 1046 (11th Cir. 1994) (emphasis added); *see also United States v. Zitron*, 810 F.3d 1253, 1261–62 (11th Cir. 2016) ("In assessing whether [individuals are participants under § 3B1.1], we can consider any of their acts directed by [the defendant] that were 'part of the same course of conduct or common scheme or plan as the offense of conviction.'" (quoting U.S.S.G. § 1B1.3(a)(2)).

Here, Monroe argues that the district court clearly erred in applying the three-level enhancement under § 3B1.1(b) because the offense did not involve five or more participants. He concedes that

the record evidence supports the district court's finding that three people participated in the charged criminal activity. But he argues that three additional people—his uncle "AT," a confidential source, and an unidentified security guard—were not participants. After careful review, we conclude that the district court did not plainly or clearly err in finding that there were at least five participants in the criminal activity, supporting its application of the managerial enhancement.

First, the district court did not plainly err[1] in finding that Monroe's uncle AT participated, because neither we nor the Supreme Court have ever held that participation must occur during the charged conduct. *See Lejarde-Rada*, 319 F.3d at 1291. Nothing in the text of § 3B1.1 requires that all five participants be involved in the criminal activity at the time the defendant managed or supervised other participants. Moreover, we have explained that, "in determining whether to adjust the defendant's base offense levels under section 3B1.1, the court's inquiry is not confined solely to the

---

[1] Monroe failed to preserve the argument he makes on appeal concerning his uncle's participation (namely, that the "only evidence presented by the government reflected that 'AT' had previously supplied Mr. Monroe with narcotics, but at the time of the charged criminal activity Mr. Monroe was working with a new supplier in Orlando"). In his sentencing memorandum, Monroe argued that there was insufficient evidence that AT "had anything to do with the criminal activity involved in this case" at all—*not* that the government failed to prove that AT was his supplier during "the time of the charged criminal activity." Because Monroe did not articulate the specific objection he raises on appeal, we review his argument regarding AT for plain error. *See Zinn*, 321 F.3d at 1088.

defendant's behavior comprising the actual offense charged. Rather, the court is instructed to consider all acts or omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Holland*, 22 F.3d at 1045 (internal quotations omitted). That is, the district court "must consider, in addition to the criminal act itself, the individuals' involvement in the events surrounding the criminal act." *Id.* at 1046. In this case, Special Agent Jared Larson also testified at sentencing that "Monroe was being supplied by his uncle, [known] as AT, for an extended period of time," including the period that Monroe and his admitted co-participant Justin Farrior were "selling drugs together." We thus conclude that the district court did not plainly err when it found that AT was one of the five or more participants in the offense.

Second, the district court did not clearly err when it determined that the confidential source was a participant. Monroe argues that the confidential source should not have been counted as a participant because "[a] person who is not criminally responsible for the commission of the offense (*e.g.*, an undercover law enforcement officer) is not a participant." § 3B1.1, cmt. n.1. But the record shows that the confidential source had been purchasing drugs from Monroe since 2019—years before she met with agents in 2022. For example, Special Agent Larson testified at sentencing that the confidential source "estimated that she conducted approximately 50 purchases from Monroe" between "approximately 2019" and when she "provided [agents] with information" in 2022, ranging "anywhere from gram levels to ounce quantities of cocaine." Based on

this evidence, we cannot say that the district court clearly erred in finding that the confidential source was a participant for purposes of § 3B1.1(b), prior to her involvement with federal agents.

Monroe himself tells us that "the record evidence supports the district court's participant findings . . . to the extent that the court found Mr. Monroe, Mr. Farrior, and Mr. Gibson to have been participants in the charged criminal activity." Monroe does not challenge the finding that he acted as a manager. Because we have determined that the district court did not plainly or clearly err when it found that Monroe's uncle AT and the confidential source were participants under § 3B1.1(b), Monroe has not shown that the district court clearly erred in finding that there were at least five participants in the criminal activity. We thus conclude that the district court did not err in applying the three-level managerial enhancement to Monroe's guideline sentence. Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**